Per Curiam.

With regard to the two first objections, it is sufficient to observe, that it does not appear from the de *389 claration, nor is it shown by the pleadings, that the defendants are a corporation, or capable of being sued as such. The names and additions by which they are described are a mere descriptió pérsonarum, and they remain liable only in their private capacities. Without such a construction, the covenant would be nugatory and void ; *and there [*327] is no reason to adopt a different one. They have affixed their private seals to the instrument, not a corporation seal.
Covenants may be taken distributively, according to the subject matter, although there be no express words of severalty. The evident intent of this covenant was, that each congregation should be separately liable for what they stipulated to pay ; and that intent should be carried into effect, as far as the terms will admit. No more is claimed in this action than what may be severally demanded. The breach is not alleged as to any thing that may be deemed a joint undertaking.(a)
It was not necessary to state a request in order to show a breach of the covenant. It is enough that it is alleged to be broken. The request is not a condition precedent. It is not a case in which a request is essential to the right of action. The bringing of the action is, of itself, the legal demand, and it was a duty which the defendants were bound to dis charge without a demand.(b)
The request mentioned in the covenant relates merely to the election which the plaintiff had to demand payment *390 quarterly or half-yearly. The payment quarterly was. for the-benefit of the plaintiff. If not demanded quarterly, the defendants were bound, at all events, to pay half-yearly. ' We-are of opinion,, that the demurrer is not-.well taken, arid that the plaintiff must have judgment.
Judgment for the plaintiff.'

 Benigna facienda sunt interpretations propter simplicitatem laicorum, ut res magis valeat quam pereat; et verba intewtioni, non, e contra, decent inservire. Co Litt. 36, (a). A liberal construction shall be given to written instruments so as to uphold them if possible, and carry into effect the intention of the parties. Bro. Max. 237-249, supra, 70, 71, n. (a). In Ludlow v. M’Crea, 1 Wend. 228, 231, Sutherland, J. says, “ covenants are to he construed according to their spirit and intent, and where from the subject matter of the covenant, it is the evident intent of the parties that they should be taken distributively, they may be so taken, though there be no express words of severalty.” See also to the same point, Walker v. Webber, 3 Fairf. 65, 67. Comyn. on Contracts, Huntington’s ed. 23. Evans’ Pothier on Obi. P. 1,-c. 1, s. 1, art. 7.

 1 Chit. PI. Dunlap’s ed. 287, 288.