## MORANGE *a.* MUDGE.

*Supreme Court, First District; Special Term, December,* 1857.

### Pleading.—Action on Undertaking.

Of the requisite allegations in a complaint on an undertaking given in proceedings of claim and delivery.

The case of Slack *a.* Heath (1 *Ante,* 331) approved.

In an action by the assignee of an undertaking for the payment of such judgment as might be recovered, it is sufficient, by way of showing his title, to allege that the undertaking was duly assigned, &c., to him without alleging that the judgment in the action was also assigned.

A statutory undertaking, executed by two sureties in these words, "We do hereby undertake and become bound to the defendant," is several as well as joint.

Motion for judgment on account of frivolousness of demurrer.

The action was brought on an undertaking given by the defendant Mudge, together with J. A. Martin, in proceedings of claim and delivery, taken by one Mathews, in an action for chattels, brought by him against one Descombes. The undertaking was for the prosecution of the action, and a return of the

chattels taken in the proceedings, if a return should be adjudged,. and for payment to the defendant in that action of such sum as might for any cause be recovered by him. The defendant having recovered judgment for costs in that action, assigned the undertaking to Morange, who brought this action thereon.

The complaint was as follows :

TITLE OF THE CAUSE.

The complaint of the above-named plaintiff respectfully shows to this court that the above-named defendant, at the city of Brooklyn, on September 20, 1855, made and executed an undertaking, a copy of which is hereto annexed and forms a part of this complaint.

Plaintiff avers that judgment was recovered in the action mentioned in the said annexed undertaking, against the plaintiff therein, and in favor of the defendant therein, for his costs and disbursements therein, for the sum of one hundred and ninety-seven dollars and ninety-two cents.

Plaintiff avers that on June 17, 1857, a transcript of said judgment was duly filed in the clerk's office of the county of Kings, and on the same day an execution against the property of Henry C. Mathews, the plaintiff named in said undertaking, was duly issued to the sheriff of Kings county, and after the expiration of sixty days duly returned wholly unsatisfied.

Plaintiff avers that Lewis J. Descombes, the defendant in said undertaking named, has, for a valuable consideration, duly assigned, transferred, and set over unto the above-named plaintiff the said undertaking, and his right, title, and interest of, in, and to the same.

Plaintiff avers that the said defendant, by reason of the premises, is liable to the said plaintiff in the amount of said costs, and indebted to him therefor.

Wherefore, &c.

The undertaking, of which a copy was annexed, after the usual recitals in reference to the action in which it was given, provided that " We, James A. Martin, of, &c., and Charles C. Mudge, of, &c., do hereby undertake and become bound to the defendant in the sum of five hundred dollars for the prosecution of the action," &c.

To this complaint the defendant demurred, and stated the following as the grounds of his demurrer :

*First.* That the complaint does not state facts sufficient to constitute a cause of action.

*Second.* That there is a defect of parties defendant, in that James A. Martin should have been joined with the defendant Charles O. Mudge.

The plaintiff now moved for judgment on account of the frivolousness of the demurrer.

*J. F. Wells*, in support of the demurrer.—I. There is no allegation in the complaint that the undertaking was delivered either to the sheriff or the plaintiff. The bond must not only be executed, but delivered to the sheriff, or the proceedings will be irregular. (See Wilson *v.* Williams, 18 *Wend.*, 581.)

II. There is no allegation that the property referred to in the undertaking, the taking of which by the sheriff forms not only the consideration of the undertaking, but is a condition precedent, was taken by the sheriff.

III. There are not facts enough stated to show that this bond took effect as a statute security. (See opinion of Woodruff, J., in Slack *v.* Heath, 1 *Abbotts' Pr. R.*, 334.) In that case there is an averment of the delivery of the undertaking, that an action was commenced, judgment obtained, &c.

In Shaw *v.* Tobias (3 *Comst.*, 188), it is averred that the bond was given for the prosecution of the suit ; that the suit was commenced, the goods taken in pursuance of the writ, and all the necessary facts.

In Loomis *v.* Brown (16 *Barb.*, 325), being an action on an undertaking given on granting an injunction, all the material facts are alleged. So also in Ring *v.* Gibbs (26 *Wend.*, 502).

In 3 *Wend.*, 54, Marcy, J., said, " The declaration in the replevin bond should set forth concisely all the proceedings in the replevin suit." (See also *Chitt. Pl.*, 212, 216, and 3 *Burrill;* Phillips *v.* Price, 3 *Maule & S.*, 180 ; 1 *Bos. & P.*, 381. See Judge Allen's opinion in case of Raynor *v.* Clark, 7 *Barb.*, 581.)

IV. The plaintiff is not the owner of the judgment, and has no right to bring suit.

The debt is the principal, the security is the incident. (Green

*v.* Hart, 1 *Johns.*, 581; Pattison *v.* Hull, 9 *Cow.*, 747; Jackson *v.* Blodgett, 5 *Ib.*, 202.)

V. The undertaking is a joint one, and the action should have been against Martin and Mudge.

" If several parties stipulate to perform an act, without words of severalty, the presumption of law is, that they intended to bind themselves jointly." (2 *Parsons on Contr.*, 2 *ed.*, 46; 1 *Ib.*, 11; Hill *v.* Tucker, 1 *Taunt.*, 7; Yorks *v.* Peck, 14 *Barb.*, 644; Ehle *v.* Purdy, 6 *Wend.*, 629; *Code*, § 119.)

*H. H. Morange*, in answer.—I. The possession of the undertaking by the plaintiff is sufficient answer to the first point of the defendant. By section 423 of the Code the sheriff is bound to deliver the undertaking to the defendant.

II. Even if there be no property taken by the sheriff, yet the undertakers are liable, according to the terms of the undertaking, for the payment of such sum as may, *for any cause*, be recovered against the defendant.

III. Slack *v.* Heath (1 *Abbotts' Pr. R.*, 333), cited by defendant's counsel, is, on the contrary, against all the views and arguments urged by him on the argument, as an examination of that case will show.

IV. It was not necessary to aver specially the assignment of the judgment. The assignment of the undertaking is averred, and all the *right, title*, and *interest* of Mr. Descombes therein. The interest of Mr. Descombes consists in the judgment referred to in the complaint, and that is assigned. The transfer of the right and title of Descombes to the plaintiff in the undertaking, necessarily carries with it the judgment upon which is based his only right to recover.

The judgment is only the measure of damage, and the plaintiff can only recover the amount thereof against the defendant. A payment of the judgment herein would be a complete and effectual bar against any other action thereon, and the plaintiff is foreclosed by the assignment of all his right, title, and interest therein.

The complaint contains every essential averment. It discloses the nature and cause of the action with sufficient certainty.

DAVIES, J.—Shaw *v.* Tobias (3 *Comst.*, 188) is an authority

for holding that the complaint in this case contains all needful averments. This doctrine is reaffirmed in Slack *v.* Heath (1 *Abbotts' Pr. R.*, 334).

In Yorks *v.* Peck (14 *Barb.*, 647) this court says: "In all cases of a joint note given upon a joint loan of money, or a joint liability of any kind, it will be presumed it was intended the note should be several as well as joint, and effect will be given to it according to that intention." So in this case the undertaking will be presumed to be several; and in accordance with section 120 of the Code, the action may be against either of the parties to the instrument.

Judgment for the plaintiff on the demurrer, with leave to defendant to answer.*

---

## CROSS *a.* SACKETT.

*New York Superior Court; General Term, March,* 1858.

CERTIFICATE OF STOCK.—BUBBLE COMPANY.—LIABILITY OF OFFI-CERS FOR DECEIT.

A certificate of stock, issued upon the organization of a corporation under the general laws of this State, is to be deemed as a representation, on the part of those issuing it, that the holder is entitled to an interest, proportionate to the whole stock, in a money capital, or in property equivalent substantially to a money capital, of the amount specified as the capital of the company.

Parties who project and promulgate the scheme of a joint-stock company, cause the usual books to be opened, allow or cause the inscription of a person as owner of an interest to a definite amount and value therein, and issue certificates of stock therefor, when the capital has not been paid in fully and in good faith—and annex to the certificate a written power, authorizing the transfer at large by the party to whom the certificate is issued—who publish false statements, tending to produce the belief that the stock was at least of par value, and that the business had warranted successive dividends from profits, are liable directly in damages in an action for deceit brought by any innocent party who, on the faith of the public representations and of the statements of the certificate, has purchased from third parties, and paid for, shares of the stock.

---

* The terms imposed by the order entered were, service of answer in ten days, and payment of the costs in the cause, including the trial of the issue of law on the demurrer.