DEWITT C. THOMAS, late Sheriff, &c., Respondent, *v.* CHESTER HUBBELL and others, Appellants.

The sureties on a deputy sheriff's bond are not concluded by a recovery against the sheriff, where they have had no opportunity to appear and defend.

ACTION by the late sheriff of the county of Delaware against Hubbell, as principal, and the other defendants, as his sureties, in a bond conditioned that Hubbell should faithfully perform the duties of deputy sheriff. The breach alleged was that Hubbell, the deputy, having levied an execution upon property of one Rowley sufficient to pay the same, subsequently permitted Rowley to use and convert the property, whereby the sheriff became liable to pay the amount of the execution to the plaintiffs therein, and the same was recovered of the sheriff in an action by the plaintiffs in the execution, and was paid by him.

The cause has been tried twice. At the first trial, the court ordered a judgment for the plaintiff, which was affirmed at the General Term, and on appeal to this court was reversed and a new trial ordered. At the second trial, the plaintiff recovered a verdict for $368.56, upon which a judgment was entered, which was affirmed at General Term, and the defendants now appeal to this court.

*Amasa J. Parker,* for the appellants. ·

*Abraham Becker,* for the respondent.

SMITH, J. When the present case was before this court on the former appeal, it was held that the sureties in the bond were not concluded by the recovery against the sheriff, after notice of the suit and an opportunity to defend it being given to Hubbell, and not to themselves. And the judge, on the trial, having excluded an offer to prove that none of the property levied on belonged, at the time of the levy, to the defendant in the execution, the ruling was decided to be erroneous, and a new trial was granted on that ground.

On the trial now under review, the judge instructed the jury, in accordance with the decision of this court, that the judgment against the sheriff is not binding on the sureties, because they had no notice to defend the action in which it was rendered, and that it could not be considered at all by the jury, except for the purpose of limiting the amount of their verdict if they should find for the plaintiff (the recovery being for less than the amount of the execution).

The defendants were permitted to go into their proof to show that Rowley, the defendant in the execution, was not the owner of the property levied on at the time of the levy, but they succeeded in showing merely that a few months before the levy, Rowley executed an instrument purporting to be an absolute transfer of a large amount of personal property therein described, valued at several thousand dollars, to Almerin Fitch, of Delhi, and A. S. Diven, of Binghamton, in consideration of $6,000, therein alleged to have been paid by Fitch, and $2,000 by Diven; but there was no evidence that anything was in truth paid, or of any consideration, in fact, and the testimony showed, without contradiction, that Rowley retained possession of the property till after the levy. Upon this state of the testimony the judge properly told the jury that they would not be justified in finding that Fitch had title to the property levied on, as against the judgment creditors of Rowley.

The defendants relied upon two other grounds of defense to the suit against the sheriff: 1. That the assignment from David H. Lockhart, the creditor in whose name the judgment against Rowley was obtained, to Conover & Labagh, the parties who sued the sheriff, was insufficient to transfer the judgment, or any other right of action. 2. That Conover & Labagh, before commencing their suit against the sheriff, had recovered in the same cause of action in a suit against Jonathan T. Flower and David B. Case, who, as sureties of Rowley, the execution debtor, had executed an undertaking as security to Conover & Labagh on the granting of an injunction order, upon the application of Rowley,

staying all proceedings to collect the judgment after the levy had been made. ·

The assignment of the judgment which purported to have been executed by Lockhart in the State of Ohio, on the 26th of January, 1849, contained these words: "*David H. Lockhart* v. *George Rowley.* Judgment in one of the courts of the State of New York, within the county of Delaware, in said State, in which judgment execution has been issued and proceedings thereon. For value received, I, David H. Lockhart, the plaintiff in the above named case, do hereby assign, &c., to Conover & Labagh, 56 Front street, New York, the judgment in the foregoing case named, with such rights and privileges as I may have or be entitled to therein." This was sufficient to convey the judgment, together with the cause of action in this suit, as an incident thereto.

The only evidence offered by the defendants to establish the second ground of defense above stated, was a judgment roll, by which it appeared that Conover & Labagh had prosecuted an action against Flower and Case upon the injunction undertaking, claiming that by reason of the injunction they lost the benefit of their levy, and that they had obtained a judgment therein for $88.08, damages, besides costs. There was no offer to show that the judgment, or any part of it, had been collected, or in any way satisfied. The offer was properly excluded. The judgment was not a bar to this action, it not being against the same parties. The most that the defendants could claim was, that whatever the plaintiffs had actually received in that action should lessen their damages in this; but as they had received nothing, the testimony was irrelevant.

Some of the remaining exceptions relate to the judge's charge. It was proved that soon after the levy the sheriff sent to the deputy a letter in these words: "I this day have had an order from the judge served upon me to stay proceedings in the execution against Rowley in favor of Lockhart. You therefore will stay the execution until further orders." The defendants requested the judge to charge that this letter was such an assumption of control over the execu-

tion, on the part of the plaintiff, as to free the sureties from responsibility. The same request was made as to Hubbell. The judge declined the requests, and charged that the plaintiff could not recover for any property that was lost or wasted by reason of his own negligence, or where his acts or directions induced or caused Hubbell to so act as to lose or waste it. This instruction gave to the defendants all the benefit they could properly claim from the letter.

It also appeared that a return was indorsed on the execution, signed by the plaintiff as sheriff, setting forth the levy, the order staying proceedings, the fact that while the order was in force, Rowley used the property and wore it out, the subsequent *vacatur* of the order, and the fact that Rowley had no other property. The evidence tended to show that when the return was prepared Hubbell was present, and produced the execution and inventory of property levied on by him, and that the matters contained in the return were stated according to his directions. The defendants requested the judge to charge that by the return the sheriff adopted the transaction as his own, and that this was tantamount to an express original direction to Hubbell to transact the business as it had been done. The judge declined the request. The defendants also asked the judge to charge that the return by the sheriff himself absolved the sureties, there being no pretense that the return was induced by fraud. The judge did not so charge, but he told the jury that the return was no evidence against the sureties, except so far as the evidence showed it truly stated the acts of Hubbell in levying upon Rowley's property, and leaving it in his possession and not selling it ; and not to that extent unless Hubbell consented to the plaintiff making the return in the form it was in.

The defendants cannot properly complain of these several rulings respecting the effect of the return. The propositions contained in the request were unquestionably unsound. The sheriff was not concluded by the return, nor were the sureties of the deputy absolved by it as matter of law. So far as it was allowed to have any effect as evidence against the sureties, the charge expressly limited it to matters established by *other*

*evidence;* and thus limited, it was not prejudicial to the sureties, even if not strictly correct.

It only remains to notice briefly the objections taken to certain items of evidence introduced by the plaintiff.

1. The return was properly received in evidence to prove the fact that a return was made, and its contents. It was not received as evidence of the truth of its statements, except to the limited extent expressed in the charge.

2. The bond was properly received in evidence. Its execution, as alleged in the complaint, was expressly admitted in the answer of each of the defendants.

3. The testimony of John B. Thomas and Dewitt C. Thomas was relevant for the purpose of proving notice to the defendant Wheeler of the pendency of the suit against the sheriff.

The judgment should be affirmed.

All concur.

Judgment affirmed.