JOHN G. BOLEN, Respondent, *v.* CHARLES H. CROSBY et al., Appellants.

The duty of making the annual report required by the act for the formation of corporations for manufacturing and mining purposes (section 12, chap. 40, Laws of 1848), is devolved by that act upon the trustees of the corporations organized under it. The secretary of a company so organized cannot subscribe to such report the names of the trustees, or verify it in any way to make it the act of the corporation, and a compliance with the statute, so as to relieve the trustees from this duty or from the liability resulting from an omission to perform it; he is not, therefore, chargeable with the consequences of such an omission.

An assignment of a judgment against a corporation organized under this act carries with it the claim or debt upon which it was founded, and all rights and remedies for the recovery and collection of such claim or debt, including the remedy given by the act against the trustees. A release, therefore, of one of the trustees by the assignor, after the assignment and after the releasee has notice of the transfer, will not operate to defeat the claim of the assignee.

Where a release by one of several joint and several debtors has been executed, and those not parties to it claim the benefit thereof, the burden is upon them of showing that the instrument was such as barred an action against all. It will not be inferred for the purpose of reversing a judgment that the release is absolute and not a special and limited one, such as is authorized (chap. 257, Laws of 1835) to be given to one joint debtor without affecting the liability of the others. (RAPALLO, J., dissenting.)

(Argued April 8, 1872; decided April 16, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

Benjamin F. Weymouth, on the first day of July, 1865, became the secretary of the New York and Pennsylvania Petroleum Mining and Manufacturing Co., a corporation organized under the general law of the State of New York. For his services as secretary, on the 5th day of March, 1868, he recovered a judgment against the company for $3,765.79. On the 2d day of May, 1868, Weymouth assigned his judgment against the company to plaintiff, who brought this

action to recover the amount of such judgment of the defendants, trustees of the company, as liable, by reason of the omission in January, 1868, to make, file and publish the annual report. Other facts appear in the opinion.

*George Putnam Smith* for the appellants. The release of Bates released all the defendants. (*Rowley* v. *Stoddard*, 7 Johns., 207; *Bank of Poughkeepsie* v. *Ibbotson*, 5 Hill, 461; *Catskill Bank* v. *Messenger*, 9 Cow., 37; *Farmers' Bank, etc.*, v. *Blair*, 44 Barb., 641.) The release is not brought within the provisions of chap. 257, Laws of 1838. (*Bank of Poughkeepsie* v. *Ibbotson*, 5 Hill, 461; *Hoffman* v. *Dunlop*, 1 Barb., 185.) The judgment was merely cumulative, as collateral security for the debt; its assignment did not deprive Weymouth of all interest and the release by him was effectual. (*McHarg* v. *Eastman*, 35 How., 208; 3 Keyes, 562; *Bailey* v. *Bancker*, 3 Hill, 188; *Jackson* v. *Shaffer*, 11 Johns., 513, 517; *Ontario Bank* v. *Hallett*, 8 Cow., 192; *Andrews* v. *Smith*, 9 Wend., 53; *Baker* v. *Martin*, 3 Barb., 641; Broome's Leg. Max., 4th ed., 470; *Day & Penfield* v. *Leal*, 14 Johns., 404; *Battle* v. *Coit*, 26 N. Y., 406, 408; *Shaler Quarry Co.* v. *Bliss*, 27 id., 297; *Garrison* v. *Howe*, 17 id., 458; *Andrews* v. *Murray*, 33 Barb., 355.) The court erred in directing verdict for plaintiff. (*The People, etc.*, v. *Board of Police*, 35 Barb., 651; *Bridgeport City Bank* v. *Empire Co.*, 30 id., 421.) Weymouth was guilty of contributory negligence, and this would prevent recovery by his assignee. (*Andrews* v. *Murray*, 33 Barb., 354, 356; *Milton* v. *Hudson River Steamboat Co.*, 37 N. Y., 210.) It was a question for the jury whether his excuse for not-preparing the report was sufficient. (*Moore* v. *Westervelt*, 21 N. Y., 103; *Wooden* v. *Austin*, 51 Barb., 8.)

*George W. Stevens* for the respondent. Parol evidence of the contents of the release was incompetent. (*Rogers* v. *Van Hoesen*, 12 J., 221.) The corporation can only be dissolved upon petition, or by judgment upon information of the attor-

ney-general. (*Iron Works* v. *Smith*, 4 Duer, 362; *Bradt* v. *Benedict*, 17 N. Y., 93; *Galvey* v. *U. S. Sugar Ref. Co.*, 36 Barb., 256.) The liability of defendants was fixed before Weymouth sued and was reincurred each year. (*Miller* v. *White*, 8 Abb. [N. S.], 46; S. C., 10 Abb. [N. S.], 385.)

ALLEN, J. The defendants, by their answer, admit the indebtedness from the New York and Pennsylvania Petroleum Mining and Manufacturing Company to the plaintiff's assignor, accruing prior to October, 1867, and the recovery of a judgment therefor in 1868, and the assignment to the plaintiff, in May, 1868, of the judgment and all rights, claims and interests therein and thereunder; and the right of the plaintiff to maintain this action, in virtue of the assignment, is not controverted. The defendants, by their answer, also admit that they were trustees of the corporation, and made default in making, publishing and filing the report required by the twelfth section of the general law for the formation of corporations for manufacturing and mining purposes (Laws of 1848, ch. 40), under which the corporation was organized. They allege, by way of defence, that the omission to make and file the report was the willful and fraudulent neglect of the plaintiff's assignor, who was the secretary of the company and charged with the duty, and by supplemental answer that the plaintiff had accepted $600 from one of the defendants in full satisfaction and accord of all claim against such defendant. The act imposes the duty upon the corporation of making the report, and requires it to be signed by the president and a majority of the trustees, and to be verified by the oath of the president or secretary; and upon default of any company in making the report for more than twenty days after the first of January, in any year, the trustees are made jointly and severally liable for all the debts of the company then existing, or that shall be contracted before such report shall be made. The report is to be the act of the trustees, and the duty of making it is devolved upon them. The secretary is but the servant of the company, performing such

acts and rendering such services as are incident to the office or may be specially imposed. He might, under the direction of the trustees, prepare the paper and verify it by his oath in place of the president, but he could not subscribe to it the names of the trustees, or verify it in any way to make it the act of the corporation and a compliance with the statute, so as to relieve the trustees from their duty, or the liability resulting from an omission to perform it. There was no evidence that the plaintiff's assignor was specially charged with the preparation of the report for January, 1868, or that he neglected any duty devolved upon him, or that the failure of the trustees to make the report was in any way caused by or attributable to him. This part of the defence utterly failed. No evidence was given that the plaintiff received any sum whatever from either of the defendants, or had released any one from liability upon the claim sued upon. Evidence was given that more than a year after the suit was commenced and after the original answers had been put in, admitting the assignment to the plaintiff, one of the trustees of the corporation, who was also a defendant in the action, but who does not defend, had paid the assignor of the plaintiff $600 and been released by him. The release was not given in evidence. The assignor, under objection, testified that he had released Mr. Bates, one of the trustees, on receipt from him of $600. The release could not operate to defeat the claim of the plaintiff, it having been given after the releasor had parted with his interest, and the releasee had notice of the transfer by the action of the plaintiff as assignee. Again, the release could only operate as a technical defence to those who were not parties to it, and the burden was upon them to show that the instrument was such as barred the plaintiff of his action against all who were jointly liable. The debt was not paid, and the sum paid was less than one-sixth of the amount due, and the payment of a lesser sum would not discharge the greater in the absence of a formal and technical release valid in law. If such release was given, it was for the defendants claiming the benefit of it to pro-

duce and prove it. Conceding that a technical release was given, it may have been a release of one of the several joint debtors, under the act of 1838 authorizing one or more of several joint debtors to compound or compromise for their joint indebtedness in discharge of their liability and without affecting the liability of the other joint debtors. (Laws of 1838, ch. 257.) A release or discharge under the provisions of this act would not have discharged the present appellants; and it cannot be inferred, for the purpose of reversing the judgment, that the release, if one was given, was absolute and not special and limited in its operation and effect. The assignment of the judgment carried with it the claim and debt upon which it was founded, and all claims against others as collateral and incidental to it. By whatever terms the assignment was made, the debt, as the principal thing, passed, and, with it, all rights and remedies for its recovery and collection. The capacity of the plaintiff to sue was not questioned by the defendants, although the defects of his title were patent upon the face of his complaint. But his capacity to sue, and his right to all the remedies which his assignor could have had are perfect. The right to the debt, as evidenced by the judgment against an insolvent corporation, and the right to recover the same debt from the defendants upon their personal liability, cannot exist in the hands of different persons. The assignment of the judgment necessarily carries the debt; they are inseparable. (*Jackson* v. *Blodget,* 5 Cow., 202; *Rose* v. *Baker,* 13 Barb., 230; *Green* v. *Hart,* 1 J. R., 580; *Pattison* v. *Hull,* 9 Cow., 747; *Gallarati* v. *Orser,* 4 Bos., 94; *Thomas* v. *Hubbell,* 35 N. Y., 120.) There was no question of fact for the jury, and the cause was properly disposed of at the circuit.

The judgment should be affirmed.

All concur except RAPALLO, J., who is of the opinion, that if the release had been given by the plaintiff it would have barred the action.

Judgment affirmed.