Louis Tannenbaum *against* Alexander M. Cristalar.

The undertaking executed (under § 187 of the Code of Procedure) by the bail of a defendant taken in custody under an order of arrest, is joint and not several, and in an action against the bail for a breach of the undertaking, they must all be joined as defendants.

The case of *Morange* v. *Mudge* (6 Abb. Pr. 243), laying down a different rule, held to have been erroneously decided.

Appeal by plaintiff from a judgment of this court entered on the report of a referee.

The action was brought against the defendant, as one of the sureties on an undertaking upon arrest, which was in the following form :

" [*Title of the cause.*]

" The above-named defendant, Solomon Migel, having been arrested by Matthew T. Brennan, the sheriff of the city and county of New York, upon an order to arrest granted by the Hon. Joseph F. Daly, in a certain action commenced in the above-named court by the above-named plaintiff against the above-named defendant ;

" We, Solomon Migel, of No. 108 West 47th street, in the city of New York, by occupation merchant, and Alexander M. Cristalar, of No. 318 West 32d street, in the city of New York, by occupation auctioneer merchant, and William A. Godfrey, of No. 33 Barrow street, in the city of New York, by occupation merchant, hereby undertake, in the sum of one thousand dollars, that the above-named defendant, arrested as, aforesaid, shall at all times render himself amenable to the process of said court, during the pendency of this action, and to such as may be issued to enforce the judgment therein.

(*Signed*)  S. Migel,
A. M. Cristalar,
Wm. A. Godfrey."

The complaint alleged the due execution of this undertaking by the defendant Cristalar, and a failure to perform the condition of it.

The action being against Cristalar alone, he set up a defect of parties defendant, alleging " that the undertaking referred to in said complaint was signed by the said Solomon Migel, William A. Godfrey, and said defendant, as a joint undertaking; that said Solomon Migel and William A. Godfrey are both living, and William A. Godfrey is now resident in the city of New York."

The issues being referred, the referee dismissed the complaint, and ordered judgment for the defendant, on the ground that the undertaking was a joint one, and that the action could not be maintained against Cristalar alone, the other obligors being alive.

*A. J. Requier*, for appellant.

*A. Cardozo*, for respondent.

DALY, Chief Justice.—By the undertaking Migel, Cristalar and Godfrey, undertook in the sum of one thousand dollars, that Migel would at all times render himself amenable to the process of the court.    Though the obligation was in terms joint, the nature of Migel's obligation was different from that of the other two.    His was an absolute engagement to do certain acts, and theirs a contingent one ; that is that they would be answerable in the sum of one thousand dollars, if he did not do them. In other words, he was the principal, like one who engages to pay a debt or sum of money, and they were the sureties.    As respects him, and them his obligation was several ; for although there may be no express words of severance, the several obligation of the principal will be inferred from the subject-matter, where it appears, as in this case, by the instrument itself (*Harris* v. *Gearhart*, 4 Dana (Ky.) 586, 587 ; *Ernst* v. *Bartle*, 1 Johns. Cas. 319, 327 ; *Ludlow* v. *McCrea*, 1 Wend. 229, 231 ; *Slater* v. *McGrow*, 12 Gill and J. 265, 270 ; 1 Story's Equity Jurisp. §§ 162, 163, 164).

But as between Cristalar and Godfrey, the obligation was joint.    It was a joint undertaking on their part, that Migel would do certain acts, for which they bound themselves, not severally, nor jointly and severally, but simply jointly.    No

particular form of words is necessary to constitute a covenant of either kind (*Platt on Covenants*, p. 117). The nature of the covenant will be inferred from the intention as expressed, and where the words used are, "We undertake, &c.," without any words of severance, the meaning is, as between Cristalar and Godfrey, that they jointly covenant that Migel shall do certain acts, and it is not the less a joint undertaking on their part, that Migel united with them in the covenant. "If," said Lord Holt in *Robinson* v. *Walker* (7 Term R. 154), "two covenant that they, or one of them, shall do such a thing, it is a joint covenant only," and although the report says, that the other judges thought otherwise, Lord Holt's view seems to have been relied upon by the elementary writers (*Platt on Covenants*, p. 117). The distinction is an important one, because, where the obligation is joint, neither can be sued without the other, and if one die, being a surety only, his estate is absolutely discharged, both at law and in equity, and the survivor remains solely liable (Shephard's Touchstone, p. 180; *Getty* v. *Binsse*, 49 N. Y. 388). It is very clear to my mind, that if either Godfrey or Cristalar had died after entering into this undertaking, both of them being sureties for Migel, and an action had been brought upon the undertaking against the personal representatives of the deceased obligor, that the undertaking on his part would be treated not as a several but a joint undertaking with Cristalar, and that it would be held that his estate was not answerable.

The case of *Morange* v. *Mudge* (6 Abb. Pr. 243), is a special term decision, and in my opinion the decision was erroneous. No authority is cited for it, but a passage in the opinion of Judge T. B. Strong, in *York* v. *Pick*, (14 Barb. 645). What Judge Strong said in this passage is correct, that "where a joint note is given upon a *joint loan of money* or a *joint liability* of any kind, it is to be presumed that it was intended that the note should be *several* as well as joint;" that is, both makers being primarily liable as principals upon the consideration for which the note was given; which is very different from a case where one of the obligors is the party to perform the obligation, or do the act for the performance of

which the others are simply sureties (*Pickersgill* v. *Lahens,* 15 Wall. 140; *United States* v. *Price,* 9 How. 90). The passage referred to was evidently not read in connection with what follows, for Judge Strong immediately adds: "But where the deceased maker was a mere surety, such a presumption" (that he undertook *severally* as well as jointly), "will not be indulged in." I think therefore that the finding of the referee was correct, there being proof that the co-obligor Godfrey was alive, and that the complaint was properly dismissed.

Loew, J., concurred.

Judgment affirmed.*

---

* On a motion for a reargument, heard before ROBINSON, VAN BRUNT and LARREMORE, JJ., a reargument was denied.