# SUPREME COURT.

## JAMES SNODGRASS agt. KASIMER KRENKLE.

*Undertaking on adjournment, by defendant, when it inures to the benefit of the assignee of the plaintiff.*

Where an undertaking is given by defendants on the adjournment of a cause conditioned to pay the judgment, if execution is returned unsatisfied, the assignee of the plaintiff who owns the debt in that action can sustain an action upon that undertaking, where the condition upon which it was given has been forfeited.

*New York, Special Term, June,* 1875.

THIS suit was brought to recover $4,942.65 on a bond given by defendant in a suit pending in the court of common pleas of this city and county on an adjournment on the trial. The defendant demurred that the complaint did not state facts sufficient to constitute a cause of action. The case was argued by *Mr. Hildreth* for the defendant and by *D. McMahon* for the plaintiff. Judge DONOHUE delivered the following opinion, overruling the demurrer and rendering judgment for plaintiff.

DONOHUE, *J.* — The complaint alleges that a suit was pending in which the assignor of the plaintiff was plaintiff and certain other parties defendants; that the defendants in that suit, having moved for an adjournment, it was granted on the giving of the undertaking in suit; that that undertaking was to pay the judgment in execution, was returned unsatisfied, and the complaint alleges that the execution has been so returned. The complaint further alleges that the plaintiff in

Snodgrass agt. Krenkle.

the suit was really, by assignment, the plaintiff here. The complaint alleges that the debt belongs to the plaintiff, and the amount is due to him. It is to be presumed that the assignment to him was in writing. To this the defendant demurs, on the ground that as the undertaking was to pay the plaintiff in the original suit, without adding his assigns, no suit will lie in the name of the present plaintiff. This, in practice, it seems to me, the Code intended to abolish and leave the action to be brought in the name of the real plaintiff. If the defendant is right and the original plaintiff had died before judgment, no action would lie in the name of his executors. It seems to me the complaint substantially complies with the Code, and that the grounds of demurrer stated are insufficient. I will, in the settlement of the order, hear the defendant as to the right to amend, if he has merits.