## DELOS D. PIER, APPELLANT, *v.* GEORGE GEORGE, RESPONDENT.

*Section* 12, *chap.* 40 *of* 1848 — *report required by* — *what it must state as to capital* — *Assignee of claim against company* — *right of, to enforce personal liability of a trustee* — *Chap.* 510 *of* 1875 — *effect of.*

Under section 12 of chapter 40 of 1848, as amended by chapter 333 of 1853, the report filed by the trustees of a manufacturing corporation must show how much of the capital stock has been paid in in cash, and how much has been issued for property transferred to the corporation. The penalties imposed by the act of 1848 for a violation of any of the requirements of the said twelfth section, are also applicable to any violation of the additional requirements of the amendatory act, chapter 333 of 1853.

*Semble,* that since the passage of chapter 510 of 1875, amending said twelfth section, it is no longer necessary to specify separately the amount of cash paid in, and the amount of stock issued for property transferred to the company.

Where, after a trustee has become personally liable to pay a debt, by reason of a failure to file a proper report, such debt is assigned, the assignee thereof may maintain an action to enforce such personal liability.

*Bolen* v. *Crosby* (49 N. Y., 183) followed.

*Merchants' Bank* v. *Bliss* (35 N. Y., 412), and *Bank of California* v. *Collins* (5 Hun, 209) doubted.

APPEAL from a judgment dismissing the plaintiff's complaint, entered upon the trial of this action by the court without a jury.

The action was brought to enforce a personal liability against the defendant, as trustee of a manufacturing corporation, for a failre to file a proper report, as required by the act, chap. 40 of 1848 (as amended by chap. 333 of 1853), in January, 1875.

In the spring of 1875, the corporation purchased of Pier Bros. & Co., commission merchants, in New York, a large quantity of hops and malt, and gave four notes therefor, amounting in the aggregate to $4,903.91. The property so sold belonged to plaintiff and was sent by him to said Pier Bros. & Co., to be sold by them, as commission merchants. Suits were brought on three of these notes by Pier Bros. & Co., and judgments recovered, and executions issued to the sheriff of Orange county, which were all duly returned unsatisfied. These judgments, and all said notes were subsequently assigned to plaintiff. Plaintiff was nonsuited on the trial.

*Charles H. Searle*, for the appellant. The cause of action was assignable. The trustee is liable for all the debts of the company. If the debt itself survives, all its privileges and rights survive with it. (*Gould* v. *Ellery*, 39 Barb., 163; *Jackson* v. *Blodgett*, 5 Cow., 202; *Parmelee* v. *Dann*, 23 Barb., 461; *Butler* v. *N. Y. & Erie R. R. Co.*, 22 Barb., 110; *Bolen* v. *Crosby*, 49 N. Y., 183; *Hoag* v. *Lamont*, 60 N. Y., 96; *Bonnell* v. *Wheeler*, 1 Hun, 332.) The action is for a wrong done to the property or interests of the creditors, and therefore assignable. (*Haight* v. *Haight*, 19 N. Y., 464; *Bixbie* v. *Wood*, 24 N. Y., 607; *Meech* v. *Stoner*, id., 26; *Graves* v. *Spier*, 58 Barb., 349; 2 R. S., 448; sections 1 and 2.)

*E. A. Brewster*, for the respondent. An action against a trustee to subject him to personal liability for the debts of the company, for the causes set forth in the complaint in this action, is an action for a penalty or forfeiture, given by statute. (*Merchants' Bank* v. *Bliss*, 35 N. Y., 412; *Wiles* v. *Suydam*, 64 N. Y., 173; *Easterly* v. *Barber*, 65 N. Y., 252; *Whitney Arms Co.* v. *Barlow*, 68 N. Y., 34.) A cause of action for a tort is not assignable. The claim in this action is of that character. (3 Williams on Executors, 1831; *Bank of California* v. *Collins*, 5 Hun R., 29; *Zabriskie* v. *Smith*, 3 Kernan, 332.) The repeal of a penal statute destroys all rights of action for penalties incurred under it while it was in force, unless saved by express words in the repealing act; and the act is the same in all respects as if the omitted portion had never been included. (*Butler* v. *Palmer*, 1 Hill, 324; *Curtis* v. *Leavitt*, 15 N. Y., 152, 229.)

DYKMAN, J.:

This action is to charge the defendant with personal liability for a debt of a corporation of which he was a trustee, and the complaint alleges two grounds of recovery. First, a failure to file the annual report for 1875; and second, for making a false report.

A report was filed on the 19th day of January, 1875, which contained the following statement:

| | |
|---|---|
| Capital stock | $60,000 00 |
| Capital paid in | 36,500 00 |
| Amount existing debts | 30,130 24 |

The truth was, but $11,500 of the capital was paid in in cash, and $25,000 of the capital stock was issued in payment for property purchased by the corporation.

One question to be determined is, whether this report conforms to the statutes on the subject as they stand now on the books.

Section 12 of chapter 40 of the laws of 1848, which was the original act, required the company to make, publish and file within twenty days from the first day of January, in each year a report which should state the amount of capital and of the proportion actually paid in, and the amount of its existing debts; and the same section then provided that if any company failed so to do, all the trustees of the company should be jointly and severally liable for all of the debts of the company then existing, and for all that should be contracted before such report was made.

Chapter 333 of the Laws of 1853 amended the law of 1848, and provided that the trustees of the company may purchase mines, manufactories and other property necessary for their business, and issue stock to the amount of the value thereof in payment therefor; and the stock so issued shall be declared and taken to be full stock, and not liable to any further call; neither shall the holder thereof be liable for any further payments under the provision of the tenth section of the original act; but, in all statements and reports of the company to be published, the stock shall not be stated or reported as being issued for cash paid into the company, but shall be reported in this respect according to the fact.

It needs no construction to ascertain that the report of this company, made in January, 1875, was in plain violation of this statute, because that report stated that the capital paid in was $36,500, when the fact was that $25,000 thereof was stock issued in payment for property, and the report was not, according to the fact, as it was required to be by the last quoted law. Does this requirement of the law of 1853 still exist? Chapter 510 of the laws of 1875 amended section 12 of the original act, and provided that the report should be made much in accordance with the requirements of the original section, which should state the amount of capital and of the proportion actually paid in, and the amount of its existing debts.

From this provision, it seems to be the clear intention of the Legislature to dispense with a particular statement in relation to the capital paid in in cash and the stock issued in payment of property; and if the law had been in existence when the report in question was made, the report would have been sufficient. But it was not. The report was made on the 16th, and filed on the 19th of January, 1875, and the amendment was not passed until June 7th, 1875. The defendant can, therefore, take no benefit from this law; and the report is insufficient as the law stood before. It is claimed that the penalty imposed by the twelfth section of the act of 1848 was for a failure to comply with the requirements of that act as it stood before the amendment of 1853, and that the penalty will not be extended to the requirements of this last law, as no such intention is expressed therein.

We cannot concur in this view. This severe legislation is in the interest of the public for the protection of creditors, and the prevention of frauds in respect to the financial condition of the corporation; and the construction contended for would completely neutralize the intention of the Legislature in that respect. The amendment of 1853 was as if it had been originally inserted in the act of 1848; and all the penalties of that act must be held to relate thereto.

Another point requires consideration. The debt in question, which is the foundation of this action, was not contracted with the plaintiff, but came to him by assignment after the liability of the defendant had attached for a failure to file a proper report. Upon this the question is, is a right or cause of action of this description assignable?

In *Merchants' Bank* v. *Bliss* (35 N. Y., 412), the Court of Appeals held that the action against trustees under this statute must be considered an action upon a statute for a penalty or forfeiture; and that the three years' statute of limitations was applicable for that reason.

In the case of the *Bank of California* v. *Collins* (5 Hun, 209), the General Term of the Supreme Court for the first department held, that the action against trustees for a failure to file the report required by the statute is penal in its character, and does not survive against the executors of a deceased trustee.

Whatever doubt is created by these cases, respecting the assignability of a cause of action against a trustee arising from the failure to file a report, must be held to be overcome by the case of *Bolen* v. *Crosby* (49 N. Y., 183.) In that case it was held that an assignment of a judgment against a corporation, organized under these laws, carries with it the claim or debt upon which it is founded, and all rights and remedies for the recovery of, and collection of the claim or debt, including the remedy given by the act against the trustees.

Under this decision we are bound to hold that the assignment in this case carried to the plaintiff the remedy given by the law against the trustees for an omission to file the report required.

The judgment appealed from must be reversed and a new trial granted, with costs to abide the event.

Present — Gilbert and Dykman, JJ.

Judgment reversed and new trial granted, costs to abide event.