## DELOS D. PIER, RESPONDENT, v. GEORGE GEORGE, APPELLANT.

*Report showing the amount of capital paid in — must state amount paid in cash, and in property, separately — sect. 12 of chap. 40 of 1848 — sect. 2 of chap. 333 of 1853 — when trustee liable for a false report — evidence of knowledge by a trustee of its falsity — assignee of debt may enforce personal liability caused by — sect. 15 of chap. 40 of 1848.*

The trustees of a manufacturing corporation filed a report, as required by section 12 of chapter 40 of 1848, stating as follows, viz.: "Capital stock, $60,000; capital paid in, $36,500." Of the $36,500 stated to have been paid in, only $11,500 had been paid in cash, the balance of $25,000 having been paid in property, for which full paid up stock had been issued.

In an action to charge the trustees individually with the payment of the debts of the company, under section 15 of chapter 40 of 1848, on the ground that they had signed a false report, *held*, that the term "capital paid in," as used in section 12 of the act of 1848, meant capital which had been paid in in cash.

That section 12 of chapter 40 of 1848, and section 2 of chapter 333 of 1853, were in *pari materia* and were to be read together.

That the act of 1853 had not been repealed by any of the subsequent acts amending section 12 of the act of 1848.

That the report required by section 12 of chapter 40 of 1848, as amended by section 2 of chapter 333 of 1853, must state the amount of capital stock paid in in cash, and the amount paid in in property, separately and according to the actual fact.

That the trustees were liable, under section 15 of chapter 40 of 1848, for signing a false report.

The minutes of the proceedings of the corporation are admissible to show knowledge on the part of a trustee of the falsity of the report.

The right to enforce the personal liability of a trustee, incurred by his signing a false report, passes with an assignment of the debt.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

This action was brought to charge the defendant with personal liability for a debt of a corporation of which he was a trustee, for failing to file, in 1875, the annual report required by law; and for making a false report.

A report was actually filed on January 19, 1875, signed by a majority of the trustees, including the defendant, and verified by the secretary, as follows :

| | |
|---|---:|
| "Capital stock, - - - - - - | $60,000.00 |
| Capital paid in, - - - - - | 36,500.00 |
| Amount existing debts, - - - - - | 30,130.24." |

Of the capital paid in $11,500 was paid in cash and $25,000 was paid in property, for which full paid-up stock was issued.

The principal question in the case was whether the omission in this report to state separately the amount of capital paid in cash, and the amount paid in property, rendered the defendant liable personally for the debts of the corporation.

The debt in question was not contracted in favor of the plaintiff, but came to him by assignment after the defendant's liability was said to have accrued.

Upon the first trial the plaintiff was nonsuited. The General Term set aside the nonsuit. (14 Hun, 568.) A motion for reargument at General Term was made and denied. (17 Hun, 207.)

From the judgment entered upon the new trial this appeal was taken.

*E. A. Brewster*, for the appellant.

*Charles H. Searle*, for the respondent.

GILBERT, J. :

The act passed in 1875 (chap. 510), amendatory of the general manufacturing act of 1848 (chap. 40), merely modified the provision contained in section 12 thereof respecting the time of making the

annual report, and added a proviso that nothing in the amendatory act contained should affect any action pending at the time it became a law. In other respects the provisions contained in section 12 of the act of 1848, as amended by chapter 657 of the Laws of 1871, were left untouched. The act of 1853, chapter 333, amended the act of 1848, but it was an independent enactment, and was not an amendment of section 12 of the act of 1848, specifically. The omission to re-enact the act of 1853, in the amendatory acts subsequently passed, therefore, affords no basis for an inference that the Legislature intended to repeal that act or any of the provisions thereof. Section 12 of the act of 1848 as amended, and section 2 of the act of 1853, are *in pari materia*, and must be read together. So read, it seems to me to be perfectly clear that a report which treats property, purchased by the issue of stock pursuant to the act of 1853, as capital paid in, is a violation of section 12 of the act of 1848. The preceding sections of that act provide in what manner the capital of the corporation shall be paid in. They relate exclusively to contributions in money, and section 14 expressly provides that nothing but money shall be considered as payment of any part of the capital stock. While property necessary for the business of the corporation and purchased at its value by stock issued pursuant to section 2 of the act of 1853 may, by virtue of that section, be treated as a contribution of capital, so as to relieve stockholders from liability under the tenth section of the act, yet that section of the act of 1853 prohibits the including of such property in the annual report of the capital actually paid in, and requires that it shall be reported according to the fact. Whether the ordinary signification of the words " capital paid in," or the meaning thereof as modified by the act of 1853 be applied, therefore, the company failed to comply with the twelfth section of the act.

The fifteenth section of the act of 1848 provides that if any certificate or report made, or public notice given by the officers of any company incorporated under the act in pursuance of the provisions thereof, shall be false in any material representation, all the officers who shall have signed the same, knowing it to be false, shall be jointly and severally liable, etc.

That the report in controversy did represent that $36,500 of

the capital of the corporation had been paid in, when in truth $25,000 of that amount represented property purchased by the issue of stock pursuant to section 2 of the act of 1853 is undisputed. It is urged that that representation was not false, because capital may be paid in with property as well as money, and that the second section of the act of 1853 requires no discrimination in that respect. If the views on this subject already expressed are correct that argument has been sufficiently answered, and it has been shown that the representation was that the $36,500 of the capital had been paid in in cash, although the report merely stated that it had been " paid in," omitting the words " in cash." The omission to comply with the requirements contained in the second section of the act of 1853, by reporting the portion of the capital contributed by means of purchases of property, necessarily produces that result. Such representation was, therefore, false. (See *Arthur* v. *Griswold*, 55 N. Y., 400.) I think the minutes of the proceedings of the corporation received upon the trial were properly admitted to show knowledge on the part of the defendant of the falsity of the report, and that such knowledge was satisfactorily proved.

The action, though sounding in tort, is to enforce a statutory liability against the defendant for the debt of another. The right of action under the statute passes with an assignment of the debt. (*Bonnell* v. *Wheeler*, 1 Hun, 332; *Bolen* v. *Crosby*, 49 N. Y., 183.)

The judgment must be affirmed, with costs.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.