WILLIAM HERRIES, APPELLANT, v. THOMAS C. PLATT, AND OTHERS, RESPONDENTS.

*Liability of the stockholders of a manufacturing corporation to its laborers—1848, chap. 40, § 18—the plaintiff's may release some of the defendants, without discharging the others—1838, chap. 257.*

In an action brought under section 18 of chapter 40 of 1848, providing that the stockholders of any company organized under the said act shall be jointly and severally liable for all debts that may be due and owing to laborers and servants for services performed for the corporation, the plaintiff may, under chapter 257 of 1838, compromise with and release one or more of the defendants, without affecting his right to recover the balance of his claim from the others.

APPEAL from a judgment in favor of the defendants, entered upon a verdict directed at the circuit.

This case has already been before the General Term, the decision on that appeal being reported in 13 Hun, 492.

*S. G. Courtney*, for the appellant.

*W. H. Arnoux*, for the respondent Platt.

*James K. Hill*, *Wing & Shoudy*, for the respondent Bostwick.

BRADY, J.:

This action was brought under section 18 of chapter 40 of the Laws of 1848, to recover from the stockholders of the New York Republican Newspaper Association—a corporation created under the laws of this State—the wages of certain laborers and employees of the corporation, for the amount of which judgments had been previously recovered against the corporation, and upon which executions had been issued and returned unsatisfied. The defendants, Bostwick, Platt, Wesley and Janet Norwell, interposed answers, admitting the existence of the corporation, and denying that they held any stock of the company. After the case was called for trial, and before anything further was done, the defendants Platt and Wesley asked leave to file a supplemental answer, setting up that since issue joined the plaintiff had been paid certain moneys on account of the claims in suit; that he had accepted the same, and consented to an order of discontinuance against the defendant who had so paid him, and alleging the same as a bar to any recovery herein. The application seems to have been made with due diligence, and it was granted, the plaintiff objecting. The defendant Bostwick made a like application, which was also granted.

Upon the trial it appeared that the plaintiff, after the suit had been commenced, received from one Samuel O. Vanderpoel, $200, and, through his counsel, signed a receipt as follows:

" HERRIES
*v.*
VANDERPOEL, *et al.*

" Received from Samuel O. Vanderpoel, M.D., two hundred dollars in full, for one hundred dollars costs in action, and one hundred dollars for plaintiff, consideration for release, under act of 1838, to said Vanderpoel and George F. Williams, $200."

The execution of such a discharge was not questioned upon the trial. When the case was closed the plaintiff's counsel asked the

court to direct a verdict for the amount shown to remain unpaid to the plaintiff, which was denied, and an exception taken. The defendant's counsel moved for a dismissal of the complaint, which was opposed; whereupon the court said:

"THE COURT.—I do not see how the plaintiff can recover here. The act of 1838 is for the relief of joint debtors. The act, being in derogation of the common law, must be strictly construed, and its application cannot be extended to joint and several debtors. I therefore direct a verdict upon the issues, in favor of the defendant."

It is quite apparent that if the learned justice presiding in the court below erred in thus declaring the law, there must be a new trial, and that it is not necessary to consider any other question in the case than the one presented. None of the other questions springing from the evidence were passed upon by him, and we are unable to say, therefore, what course would have been taken with regard to them; whether the questions of fact in issue, if any, would have been submitted to the jury or ruled upon by him absolutely, or whether any other question of law springing out of evidence about which there was any conflict, would have been disposed of either favorably or adversely to the plaintiff. The defendants Platt and Wesley insisted as matters of fact that they were not owners of the stock, and never had been, and the defendant Wesley in addition insisted that he had resigned as one of the trustees prior to the creation of the indebtedness which the action was commenced to recover. These legal attitudes in relation to the case were not considered or in any way disposed of, and we are unable to see that, upon another trial, the facts will not be different or that no change will occur in the relations of the parties to each other, to the company, or to the plaintiff. Therefore, as suggested, the only question which we are called upon to consider, is the correctness of the decision of the court below in taking the case from the jury, and as a question of law deciding it in favor of the defendant.

The act of 1848, section 18, declares that the stockholders of any company organized under the provisions of the act, shall be jointly and severally liable for all debts that may be due and owing to

their laborers, servants and apprentices for services performed for the corporation.

The act of 1838, chapter 257 (p. 243), authorizes one or more of several joint debtors to compound or compromise their joint indebtedness in discharge of their joint liability, without affecting the liability of the other joint debtors. The act is one entitled for the "relief of partners and joint debtors." It is not confined, therefore, to partners *eo nomine.* The fifth section declares that the preceding provisions in reference to copartners shall extend to joint debtors. And the Court of Appeals, in the case of *Bolen* v. *Crosby* (49 N. Y. 183), after considering the application of this statute to a liability incurred by the trustees of a corporation organized under the act of 1848, decided that the release or discharge under the provisions of the act of 1838, would not have the effect to discharge any others than those to whom it was given. It was declared that the release of one of the persons who had become liable was a technical defense to those who were not parties to it, and that the burden was upon them to show that the instrument was such as barred the action against all who were jointly liable.

In this case it appears from the receipt that it was given under the act of 1838; and the plaintiff, having sued all the stockholders, has elected to treat them as joint debtors. The learned justice presiding at the trial also treated them as joint debtors. This was correct. (*Dean* v. *Whiton,* 16 Hun, 203.) Applying to the common law rule in reference to the discharge of one (regarding them as joint debtors, which seems to be their proper relation to the plaintiff), we think that under the act of 1838, they may compromise their liability without destroying the creditor's claim as to the others.

It may be said in addition that the act of 1838 is a remedial statute and ought to be construed liberally. It is in derogation of the common law, it is true, but its object is to lessen the rigor of the common law, and to relieve the joint debtor if he can make terms with his adversary.

For these reasons we think that the judgment must be reversed and a new trial ordered, with costs to abide the event.

HUN.—XXI.          10

Davis, P. J., and Barrett, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.