BURT *v.* LUSTIG *et al.*

*(Superior Court of New York City, General Term.   January 11, 1892.)*

ASSIGNMENT OF JUDGMENT—RIGHTS OF ASSIGNEE.

An assignment, pending an appeal, of the judgment, and all sums of money that may be had by means thereof, or any proceedings to be had thereon, will carry with it the right of action on the undertaking on appeal.

Exceptions from jury term.

Action by Beattie Burt, as administratrix, etc., of Alvin Burt, against Arnold Lustig and others, on an undertaking on appeal. A verdict was directed for plaintiff, and defendants' exceptions were ordered to be heard in the first instance at general term. Exceptions overruled.

On January 19, 1885, Frederick A. Baldwin and two others recovered a judgment against Ira E. Doying and Thomas H. Beekman, impleaded with Willet Bronson, for $1,978.36. On June 5, 1885, the judgment passed by assignment to William A. Davis. The judgment was affirmed upon appeal to the general term, and judgment of affirmance entered March 4, 1886, for $96.94 costs. 53 N. Y. Super. Ct. 538, *mem.* On June 6, 1887, the two judgments were assigned by Davis to Alvin Burt. The assignment transfers the judgments, and all sums of money that may be had by means thereof, or any proceedings to be had thereupon. On October 12, 1889, the judgments were upon further appeal affirmed by the court of appeals, with $122.75 costs. 21 N. E. Rep. 1007. On January 27, 1890, Alvin Burt, the assignee of the judgments, died; and on March 21, 1890, letters of administration were issued to his widow, the plaintiff herein. The defendants executed the undertaking on the appeal to the court of appeals, and undertook that, in case of affirmance, they would pay the judgments, with all costs and damages upon the appeal. The action was upon the undertaking to recover the amount of the judgments appealed from, with the costs awarded. At the trial the presiding judge directed the jury to find a verdict in favor of the plaintiff for $2,926.45, the amount claimed, with interest, and ordered that the exceptions be heard in the first instance at general term. Application is now made for judgment.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

*Clinton B. Gibbs,* for plaintiff.   *John C. Shaw,* for defendants.

McADAM, J.   Three results followed the assignment to Alvin Burt: *First.* He became the owner of the judgment, and of all securities for its payment, the latter as incidents following the principal. *Thomas* v. *Hubbell,* 35 N. Y. 120; *Bowdoin* v. *Colman,* 6 Duer, 182; *Jackson* v. *Losee.* 4 Sandf. Ch. 381; *Morange* v. *Mudge,* 6 Abb. Pr. 243; *Campbell* v. *Birch,* 60 N. Y. 214. *Second.* He became entitled to continue the action for his own benefit in the names of the original plaintiffs. Code Civil Proc. § 756; *Bolen* v. *Crosby,* 49 N. Y. 183. *Third.* He became liable for the costs as the party for whose benefit the action was thereafter prosecuted. Code Civil Proc. § 3247. In other words, for all practical purposes, the assignee became the plaintiff, although not so appearing on the record. The defendants, by executing the undertaking to the court of appeals, stayed its collection by the owner, Mr. Burt. This was an injury to him alone, and not to the nominal plaintiffs of record. *Snodgrass* v. *Krenkle,* 49 How. Pr. 122. The sureties on the undertaking were bound to pay only the lawful owner of the judgment, irrespective of form or title. *Wehle* v. *Spellman,* 75 N. Y. 585. The right of action on the undertaking passed to Alvin Burt, as assignee, and it became vested in his administratrix after his death. The title of the administratrix was sufficiently proved. The general assignment was by T. Brooks & Co.'s successors, offered in evidence by the defendants, was not pleaded by way of defense, nor did the defendants claim that the assignee named therein made any claim to the moneys

demanded, or was a necessary party to the action. The judgment was recovered by the plaintiffs several months after the general assignment was made, and its admission at the trial proved nothing germane to the issues to be there determined. The verdict was properly directed, and the exceptions taken are without merit. It follows that the exceptions must be overruled, and the plaintiff permitted to enter judgment on the verdict, with costs. All concur.