## McGEHEE, ET AL. v. DOUGHERTY.

1. Chancery has no jurisdiction of a bill by one of several partners to whom a balance is owing on the final settlement of the accounts to decree him his separate proportion. If a settlement is the object of the bill, all the partners should be joined, but the one partner can only sue at law for his ascertained balance.

2. The transfer of a chose in action which the original holder could sue for at law, will not of itself invest a court of equity with the right to entertain jurisdiction for the demand.

Writ of Error to the Court of Chancery for the 16th District.

THE bill is filed by Dougherty against McGehee and Thomas, and the case made by it is this, to wit :

In 1835, the complainant, defendants, and some twelve other individuals, whose names are set out in the bill, entered into co-partnership, for the purpose of purchasing Creek Indian reservations of lands. A large quantity of tracts were purchased and sold by the co-partnership, the titles, for the convenience of the transactions, being vested in, and conveyed by the defendants, who were constituted agents and trustees for that purpose, and also to pay over the proceeds to each member of the partnership. Some time in the year 1838, the partners met and made a settlement of the business of the partnership, except with respect to one section of land, known as the Augerhole claim. As this had been conveyed by the defendants to the purchaser, and as adverse claims were pressed against it, the partners agreed, the defendants should retain $8000 in their hands as an indemnity against the suits in reference to that section, to be held until the suits were determined, and if determined in favor of the title of the partners, the defendants were to pay the individual partners their proportion of the $8000 so retained, deducting such expenses as were necessarily expended in the defence of the suits.

The complainant purchased the interest of two other of the partners, and the bill prays that an account may be taken of what is due to him on these three shares, and the defendants decreed to pay the same.

The defendants failing to file their answer, a decree *pro confesso* was taken against them, but afterwards McGehee filed an answer, which was referred to the master, on a question of sufficiency. The master reported the answer insufficient, and his report was confirmed by the chancellor.

The cause was heard on the bill and decree *pro confesso*, after the refusal of a motion by the defendant to dismiss it for want of equity.

The refusal to dismiss the bill on that motion is assigned as error, as is also several other matters not important to state in connection with the decision of the court.

A. J. WALKER and McLESTER, for the plaintiffs in error, insisted—

1. That the case made by the bill was one for which the complainant had an adequate and complete remedy at law, as there was a final settlement of all the partnership transactions, and the money in the defendants' hands was to be paid out, when a particular fact was ascertained. [Collyer on Part. 152 to 154; Story on Part. 320, n 1; Gow. on Part. 98-9; Fanning v. Chadwick, 3 Pick. 420; Williams v. Henshaw, 11 Ib. 79; 15 Mass. 116; Philips v. Lockhart, 1 Ala. Rep. 521; 2 Kinnie's Comp. 331, 5 Wend. 274.]

2. Chancery only takes jurisdiction of a settlement between partners on the ground of a trust and confidence. [Story's Eq. 439 to 441.] And this ground is taken away by the actual settlement, which created a new and distinct relation between the parties.

3. The contract by the defendants to pay $8000, is one which can be enforced at law, although they were acting as agents or trustees. [Story Eq. 439 to 441, 445 § 464; Dinwiddie v. Bailey, 6 Vesey, 136; Knotts v. Tarver, 8 Ala. R. 743; 7 Ib. 217; 2 Leigh, 490; Kew v. Steamboat Co. Cheeves, 188.]

COCKE, for the defendant in error, argued, that the bill did

not alledge a promise by the defendants to pay to each member of the company, or any matter equivalent to a promise. In the absence of such a promise, a suit cannot be maintained at law. [2 Story's Eq. § 783.] What is stated only shows an equitable assignment by the company to each member, of his just proportion, and this assignment can only be enforced in equity. [2 Story, § 1040, *et seq.* Scott v. Porcher, 3 Merrivale, 658; Williams v. Everett, 14 East, 582; Tillman v. Jackson, 5 Peters, 597.]

GOLDTHWAITE, J.—1. We have held this cause under consideration to enable us to look into the cases to see how far it is allowable for the different members of a partnership, to maintain separate actions against one of the partnership, who on a settlement is found indebted to some, or all the other partners. We can find no case however, in which it has ever been held that such a suit is proper in a court of equity. If the partners resort to that court, it must be for a settlement of the partnership affairs, and if these have been finally settled, and the shares coming to each distinctly ascertained, we can perceive no reason why the stating of an account, showing the indebtedness, should not be considered sufficient to support the action of assumpsit, as it was held to be, when in writing, by this court, in McCall v. Oliver, 1 Stew. 510. The case of Foster v. Allanson, 2 Term, 479, although there was there an express promise to pay, would seem to be equally sustainable, if the partnership had been closed, and the sum due from one partner to the other ascertained by the consent of both. Such seems to be the effect of what is said by the supreme court of Massachusetts, in Williams v. Henshaw, 12 Pick. 378; s. c. 11 Ib. 79; see also, Freemont v. Coopland, 2 Bing. 170; Rakestraw v. Imber, 1 Holt. 368. But although we are clear in the opinion, that when the partnership is finally settled, and the accounts stated between the partners, showing what is due from some to the others, then an action at law may be maintained without an express promise, on the ground that one is implied from the settlement and mutual assent in the ascertainment of the sum due, yet it may be questionable if courts of equity are

109

ousted of their jurisdiction over the settlement of partnership affairs by this circumstance. It is not impossible that the accounts of a partnership may be in a condition that the defaulting partner might be able to prove a settlement to be final or otherwise, as would suit his purpose. However the rule may be, (and we purposely decline at this time to further consider it,) we think the bill cannot be sustained in its present shape, because the party proceeds on the notion that the partnership has been finally closed and settled. This is evident from the fact that he sues alone when, as we have before shown, the bill should include all the partners, if for a settlement of the partnership; and for the further reason, that equity has no jurisdiction of a suit by one of several partners against another for the recovery of an ascertained balance. See Rowland v. Boozer, at this term.

2. It is supposed by the complainant's counsel, that the circumstance that the shares of two of the other partners are assigned to him, is a matter of equitable cognizance, and that this will sustain the bill. It is possible that equity would allow the assignee of an *equitable* chose in action to sue in his own name, but the mere fact that one is the equitable assignee of a right of action, which the original holder could only sue for in a court of law, has no warrant from authority so far as we can ascertain. The rule at law is very clear, that the transfer of a right of action, in which two or more are jointly interested, to one of the parties, will not enable him to sue in his own name. [Allen v. White, Minor, 365; 4 Watts, 455.]

The decree must be reversed, and remanded to the court of chancery, when the complainant, if he is so advised, may move to amend his bill, or have it dismissed for want of equity.