required the new wall to be of brick, and that would necessarily widen the wall and narrow the rooms. If, as the plaintiff suggests, the defendant built the new wall inside of the old boundary, on the allegation of the neighbor, that the old encroached on the neighbor's line, then, if the allegation of title were true, the landlord did no more than the law would compel him to do, and yielded to a paramount title, and the plaintiff can only claim a small reduction of rent. If the landlord were mistaken as to the true boundary, and yielded under that mistake, that is not the wilful eviction for which he is to be punished, in being deprived of rent during the residue of the term.

The allowance of the nuisance, as it is called, is not an eviction; it is at most a trespass.

The injunction granted is dissolved, with $10 costs.

---

## SUPREME COURT.

### MARTIN agt. KANOUSE.

A judgment in favor of a party, whether for costs only, or for damages and costs, *prima facie*, belongs to him. And in order to change this *prima facie* conclusion of law, a third person in pleading that the judgment belongs to him—it being for costs of the attorney, or for any other reason—must state definitely and certain how and in what manner he is entitled to it.

To make a pleading definite and certain, the remedy is by *motion*, not by demurrer.

*New-York General Term, Dec., 1855.*

THIS is an appeal from an order of the special term, pronouncing the defendant's answer frivolous.

It appears that Oothers & Blucher obtained a judgment against Kanouse, Blucher died, and Oothers, as the surviving partner, assigned the judgment to the plaintiff. Kanouse also

recovered a judgment against the plaintiff, and the object of this action was to set off one judgment against the other. The question in this case is, whether the attorney for Kanouse had such a lien for the costs recovered in the suit between Kanouse and the plaintiff, that the plaintiff cannot set off the judgment which he now holds to the one which stands in Kanouse's name against the plaintiff.

The answer of the defendant alleges that the judgment in favor of Kanouse is for costs only, no part of which ever belonged to the defendant, but belonged to Garr, as his attorney in these suits, and that the defendant is not the beneficial owner of the judgment recovered in his favor.

JOHN M. MARTIN, *for motion.*
A. S. GARR, *opposed.*

By the court—MITCHELL, Justice. *Prima facie,* a judgment in favor of a party, belongs to him, whether it be for costs alone, or for debt, or damages and costs ; and it might follow under a rigid system of pleading, that this *prima facie* conclusion must continue until the pleader should show how and by what means a transfer of this right was made, so as to justify a different conclusion. Under such a system the answer would be frivolous, because it does not show facts sufficient to change the *prima facie* conclusion of law.

The real fault in this kind of pleading is, that it is not as definite and certain as it should be, and for that imperfection the supreme court in this district has held the only remedy to be that pointed out by the Code—a motion to make it more definite and certain. The proper course will be to reverse the order of the special term without costs, and leave the plaintiff to move that the answer be made more definite and certain, and that the defendant should show how and in what manner, and for what reason, the costs now belong to the defendant's attorney ; whether it was by virtue of the attorney's lien for costs, or by virtue of any special agreement between the defendant

and his attorney; and if the last, what this agreement was, and when it was made, whether by parol or in writing.

When the pleadings shall be corrected in these respects, the court must suggest to both parties that it will be their interest to allow the cause to proceed to trial without continual motions.

---

## SUPREME COURT.

GEORGE W. BRAINARD, respondent, agt. MILES JONES and JOHN S. PROVOST, appellant.

An *objection* to a complaint for the non-joinder of parties, cannot be taken by *special demurrer*, unless the complaint shows that the party for whose non-joinder the demurrer is interposed, was living when the suit was commenced. It is not enough that the complaint is silent on the subject, the fact must appear *affirmatively*.

Where the fact does not appear on the face of the complaint, the objection should be taken by *answer*, analogous to a former plea in abatement.

Under the 120th section of the Code, *all or any* of the parties, severally liable upon a *bond*, may be included in the same action. That is, the section applies as well to *bonds* as to bills of exchange and promissory notes.

*Niagara General Term, Sept.*, 1855.

Present, BOWEN, P. J., MULLETT and GREENE, Justices.

APPEAL from an order at special term overruling a demurrer to the complaint.

CHARLES DANIELS, *for appellant.*

D. F. CLARK, *for respondent.*

By the court—GREENE, Justice. The complaint is on a replevin bond, executed (under the old system) by one Alexander Ramsdell, as principal, and the defendants as sureties. The agreement of the obligors is joint and several. Ramsdell is not joined as a defendant in the action, and the defendant