# SMITH *vs.* HARRISON.

[ACTION ON PROMISSORY NOTE BY ENDORSEE AGAINST MAKER.]

1. *Right of subrogation not enforced by action at law.*—If a surety or endorser pays off a judgment recovered against him, after the return of " no property found " on a judgment previously recovered against his principal, the right of subrogation thereby accruing to him cannot be enforced in an action at law.
2. *Who is proper party plaintiff.*—A judgment is not a " contract, express or implied, for the payment of money," within the meaning of section 2129 of the Code.
3. *Form and sufficiency of complaint.*—A complaint which avers the making of a promissory note by the defendant, its endorsement by the payee, the recovery of a judgment thereon by the endorsee against the maker, the issue of an execution thereon and its return " no property found," the subsequent recovery of a judgment against the endorser, its satisfaction by him, and the transfer by him to plaintiff " of said claim against defendant," is a good and sufficient complaint on the note.
4. *Plea of statute of limitations of six years.*—To such a complaint, the statute of limitations of six years presents a good defense.
5. *Plea denying endorsement.*—In an action by the endorsee or transferree, against the maker of a promissory note, the endorsement or transfer can only be denied by a sworn plea.

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. NAT. COOK.

The complaint in this case was in these words:

"Richard K. Harrison, plaintiff, claims of the defendant, Bolling Smith, who is brought into court by attachment, the sum of two thousand dollars as damages, for that whereas, heretofore, to-wit, on the 20th May, 1838, the defendant made his promissory note, bearing date the said 20th May, 1838, whereby the said defendant promised, on the first day of January next after the date thereof, to pay one John J. Scott or order the sum of two hundred and seventy-five dollars, and then and there delivered said promissory note to said Scott; and plaintiff avers, that afterwards, to-wit, on the 2d September, 1839, the said Scott endorsed said promissory note to one John G. Maull; that said Maull afterwards brought suit, for

the use of one William P. Givhan, against said defendant, to the fall term, 1839, of the circuit court of Antauga county, in which county the said defendant then resided; that afterwards, to-wit, at the spring term of said court, 1840, the plaintiff in said suit recovered a judgment therein against the said defendant, for the sum of three hundred and three dollars, besides costs of suit; that afterwards, to-wit, on the 22d of April, 1840, a *fieri facias* was issued on said judgment, and was delivered to the sheriff of said county; that afterwards, upon the return day of said *fieri facias*, the said sheriff returned upon the same that he could not find property of the defendant to make the money thereon; that afterwards, to-wit, on the 20th January, 1841, said John G. Maull, for the use of William P. Givhan, sued the said John J. Scott upon said promissory note, and upon his endorsement thereof, to the spring term, 1841, of the circuit court of Lowndes county; that afterwards, to-wit, at the fall term, 1841, of said circuit court of Lowndes, the said John G. Maull, for the use of William P. Givhan, recovered a judgment against said Scott in said suit, for the sum of three hundred and thirty-six 85-100 dollars; that afterwards, to-wit, in January, 1842, said Scott paid and satisfied said judgment; that the said defendant never having paid the said Scott the said sum of money so by him paid upon the last named judgment, and upon his said endorsement, the said Scott transferred said claim against said defendant to this plaintiff, to-wit, before the commencement of this suit, and he is now the owner thereof; wherefore plaintiff claims of said defendant the damages aforesaid."

The defendant demurred to the complaint, on the following specified grounds: " 1st, that the complaint shows that there is now an unsatisfied judgment against said defendant, in the circuit court of Autauga county, on the note described in said complaint; 2d, (in addition to the above,) that said complaint does not show that said judgment has not been annulled or reversed, and is still in force and effect; 3d, (in addition to the above,) because the complaint does not show that said defendant had any notice of said judgment against said Scott, and of its pay-

ment and satisfaction by said Scott; 4th, because said complaint does not show that ten years have now expired between the return of the execution on said judgment against this defendant and the commencement of the present action; and, 5th, because by the proceedings the action should have been on the judgment against the defendant, which is not the case." The court overruled the demurrer, and the defendant then filed ten pleas; the first, second, third, fourth, fifth and sixth pleas setting up, in different forms, the statutes of limitation of three and six years, and the others being as follows: "7th, that there never was any judgment against said defendant in Autauga county; 8th, that the judgment in Autauga county, as described in the complaint, was satisfied by defendant before suit; 9th, that Scott never did pay the judgment against him described in the complaint; 10th, Scott never did transfer said claim to plaintiff, as described in said complaint." The plaintiff demurred to all of these pleas, except the 7th, 8th and 9th, on which he joined issue; and the court sustained the demurrer. The record does not show what causes of demurrer, if any, were specified.

The errors now assigned are, the overruling of the demurrer to the complaint, the sustaining of the demurrers to the several pleas, and other rulings of the court to which exceptions were reserved on the trial.

THOS. WILLIAMS, for the appellant.

WATTS, JUDGE & JACKSON, contra.

STONE, J.—The complaint in this case does not claim that Scott, the payee of the note, ever acquired any interest in the judgment recovered in the circuit court of Autauga, in favor of Maull, for the use of Givhan, by virtue of any contract, or assignment of that judgment to him. The only right he asserts is that which, by operation of law, springs out of the payment by him of the judgment recovered on his endorsement. The present plaintiff claims that Scott transferred the said claim against the said Bolling Smith to him. This amounts to

nothing more than a statement that Harrison has succeeded to all the right in said claim, which Scott had previously owned.

This, then, being the extent of the claim to the judgment asserted by Harrison, it results that, independent of the provisions of the Code, he could only claim to be subrogated to the rights which Maull, to the use of Givhan, had acquired against Smith by virtue of that judgment. Subrogation is a doctrine of the court of chancery, and can not be enforced in a court of law.—See White & Tudor's Leading Cases in Equity, 65 Law Library, 91–3; Houston v. Br. Bank, 25 Ala. 250; Lamkin v. Phillips, 9 Porter, 98; Lyon v. Bolling, 9 Ala. 463; Knox v. Abercrombie, 11 Ala. 997; Hogan v. Reynolds, 21 Ala. 56; Bartlett v. McRae, 4 Ala. 688.

By section 2129 of the Code, it was not intended to obliterate the distinction between common-law and equity jurisdiction.—See Pickens v. Oliver, 29 Ala. 528–35. True, it authorizes a party who is really interested in a promissory note, bond, or other contract for the payment of money, express or implied, although he has not the legal title to the same, to maintain an action thereon in his own name. We have no authority to extend its provisions, so as to take in matters of contest and litigation, which before its enactment were cognizable exclusively in courts of equity.

Having attained these conclusions, we might content ourselves with the declaration, that the complaint in this record fails to show that the plaintiff is "the party really interested" in the judgment, in the sense in which the Code employs that term. We prefer, however, to place our opinion on a different principle.

[2.] There are authorities which hold that a judgment is a contract:—2 Bla. Com. 465; McGuire v. Gallagher, 2 Sandf. Sup. 402; Dobson v. Pearce, 1 Abb. Pr. Rep. 97; Martin v. Kenara, 11 How. Pr. Rep. 567; Cameron v. Young, 6 How. Pr. Rep. 372; Dobson v. Pearce, 1 Duer, 142; Ivey v. Martin, 2 Duer, 654.

Mr. Addison, in his work on contracts, says: "Contracts by matter of record are contracts acknowledged in open

court before an officer of the court, and recorded in the presence of the party making the acknowledgment. * * Contracts by statutes merchant and statutes staple are contracts of record," &c.—Addison on Contracts, 2.

In Keith v. Estill, 9 Porter, 669, this court, in construing another statute, said: "Although the word *contract* may, in its most enlarged sense, include a legal liability arising on a judgment, from which the law implies a contract or promise to pay; yet it must be conceded, that this is a very recondite and remote sense of the term, and very far removed from its popular signification." It was ruled, that the term *contract* in that statute did not include a judgment.

So, under section 2129 of the Code, we hold that judgments are not included in the term, "*other contract, express or implied, for the payment of money.*" To hold otherwise, would probably lead to embarrassments in proceedings in garnishment, trials of the right to property, &c.

[3. The complaint in this case is, then, a complaint on the promissory note, the right to which had revested in Scott on his payment of the judgment rendered on his endorsement. The recovery of the several judgments, and the payment of the latter, were but links in the chain of facts which supported the plaintiff's action—necessary to be averred and proved; but the cause of action stated in the complaint is the note of Smith, not the judgment which Maull for the use of Givhan recovered upon it.

[4.] The plea of the statute of limitations of six years was a good and valid defense to the plaintiff's complaint, and the circuit court erred in sustaining the demurrer to it.

[5.] The tenth plea was worthless, without an affidavit of its truth.—Rule of practice adopted January term, 1853, rule book, p. 3.

Judgment of the circuit court reversed, and cause remanded.