## Steele *et als. v.* Thompson, Adm'r.

*Action on Official Bond of Clerk.*

1. *Judgment; assignment of; what sufficient.*—The assignment of a judgment may be by writing or parol, and when made in either manner and founded on a sufficient consideration, passes the same right and confers the same authority; and no entry of it on the records of the court is required.

2. *Execution; what sufficient application for issue of.*—An oral or verbal application to the clerk of the court in which a judgment has been rendered, to issue an *alias* or *pluries* execution for its satisfaction, is sufficient, if he does not then require a written demand.

3. *Same; what not sufficient excuse for failure to issue.*—Where such application is made by one claiming to be the assignee of the judgment, his agent or attorney, the clerk, if he deem it necessary for his own protection, may require evidence of the assignment or of the authority of the person making the demand; failing to do so then, he cannot afterwards set up the failure to offer such proof, to relieve himself and sureties upon his official bond from liability for damages, which the assignee sustained from the failure to comply with the demand.

4. *Errors; what not noticed.*—Errors assigned, but not insisted on in brief or argument, will not be noticed.

APPEAL from Greene Circuit Court.

Tried before Hon. LUTHER R. SMITH.

The appellee, Elijah S. Thompson, as the administrator of Duncan Hunnicutt, deceased, brought this action against the appellants, John D. Steele, and others, who were the sureties on the official bond of James A. Steele, as Clerk of the Circuit Court of Greene county, to recover the damages caused by the failure of said James A. Steele to issue an alias execution against one Kirksey and others, after request, &c. The facts may be thus stated:

[Steele et als. v. Thompson, Adm'r.]

On the 9th day of April, 1874, Simeon M. Brown received a judgment against Foster M. Kirksey, Lewis F. Pollard and Julius Cleaveland for $1,836.32. An execution issued on this judgment on the 27th day of the same month, and was levied on the lands of Kirksey, and the sheriff was proceeding under the execution to sell the same.

At the fall term, 1873, Kirksey & Carpenter, of which Foster M. Kirksey was a member, recovered a judgment against Stephen C. Brown for about $1,300.00. Prior to the 27th day of July, 1874, Foster M. Kirksey being indebted to appellee, in his representative capacity, transferred to him as collateral the judgment against Stephen C. Brown. The sheriff was proceeding to make the money under each of these executions. While matters stood thus it was agreed between the appellee, Kirksey, Simeon M., and Stephen C. Brown, that appelle should give up the Stephen C. Brown judgment, and Kirksey should satisfy the judgment of record; that Kirksey should pay in cash to Simeon M. Brown the difference between the two judgments, and Stephen C. Brown should pay or secure to Simeon M. Brown the balance due Simeon M. on his judgment against Kirksey, and Simeon M. was to transfer his judgment to appellee. This arrangement was carried out. Kirksey satisfied the Stephen C. Brown judgment and paid Simeon M. in cash the difference between the two judgments. Stephen C. secured, and afterwards paid to Simeon M. the amount due to him, and Simeon M. transferred to the appellee his judgment against Kirksey without recourse. Kirksey and Simeon M. Brown then went to James A. Steele's (the sheriff) office and informed him that the matter "was arranged," as before stated, and stopped the sale of Kirksey's land, and the sheriff thereupon endorsed the execution, "27th July, 1874; settled."

Subsequently, James A. Steele became Clerk of the Circuit Court, giving bond with the appellants as his sureties, and on or about the 13th day of March, 1875, E. Morgan, Esq., an attorney at law, represented to Steele, as clerk, that the appellee was the owner of said judgment of Simeon M. Brown against Kirksey, Pollard & Cleaveland, and that he, Morgan, was attorney of the appellee, and directed Steele to issue an alias execution on the judgment. Steele had no other information of the transfer to appellee or of Morgan's authority as attorney to control the judgment, than the representations of said Morgan. There was nothing of record pertaining to the transfer, and Morgan nowhere appeared of record as an attorney authorized to control it, but on the contrary, was one of the attorneys of the defendants in the cause of Simeon M. Brown against Kirksey and others.

VOL. LXII.

The clerk declined to issue the execution and has subsequently died. The evidence shows that Kirksey owned sufficient property out of which to have satisfied the judgment at the time when the order was made to issue the *alias*, and that he subsequently became insolvent.

Defendants excepted to the refusal of following written charges: "1. If Simeon M. Brown, the plaintiff in the judgment, told the sheriff that the judgment was settled and the sheriff at the time so endorsed the judgment "settled," then the clerk had no authority to issue another execution without an order of court. 2. It matters not as to the form of the transaction, if it was agreed by the parties to the transaction that the judgment against Stephen C. Brown, in favor of Kirksey and Carpenter, and which Thompson held as collateral, should be given up and satisfied by Kirksey, and no money was paid him, and that Kirksey was to pay, and did pay, Simeon M. Brown about five hundred dollars on his judgment against Kirksey, Pollard and Cleaveland, and Stephen C. Brown, in consequence of the judgment against him being satisfied by Kirksey, should pay, and did pay, Simeon M. Brown the balance of his judgment, then Simeon M. Brown's judgment against Kirksey, Cleaveland and Pollard was paid and the assignment of said judgment by Simeon M. Brown to Thompson, after the payment, was a nullity. 3. If the jury believe from the evidence that Enoch Morgan, Esq., *was not the attorney of record* for the plaintiff in the case of Simeon M. Brown against Foster M. Kirksey, Lewis F. Pollard and Julius Cleaveland, and that James A. Steele, while sheriff and having the execution in his hands, was notified or instructed by Simeon M. Brown, the plaintiff, in July, 1874, that said execution had been settled and not to sell the lands of Kirksey, which Steele had levied upon under said execution, then, even though said Enoch Morgan, Esq., verbally ordered said James A. Steele, while he was the clerk of said Circuit Court, to issue said execution, unless the evidence shows that the plaintiff, Simeon M. Brown, or his attorneys of record, notified said clerk of the transfer of said execution to Thompson, and instructed him to issue the same, the same James A. Steele as such clerk was not bound to obey said Morgan and issue said execution. 4. If the jury believe from the evidence that Thompson held the Stephen C. Brown judgment as collateral from Kirksey, then he held it for the benefit of Kirksey, to be applied when collected, to Kirksey's debt, due Thompson, and if by the transaction he, Thompson, suffered it to go in payment of the Simeon M. Brown judgment, then it operated as a payment to that extent of the Simeon M. Brown judgment.

[Steele et als. v. Thompson, Adm'r.]

There were other exceptions taken and errors assigned on them, which, in the view the court takes of this case, need not be further noticed. There was a verdict and judgment for the plaintiff for the amount due on the judgment and interest, and the defendants bring the case here by appeal.

SNEDECOR, COCKRELL & HEAD, for appellants.—The clerk of a court of record cannot be required in the discharge of his official duties to look to any other source of information to guide him, than that offered by the records of his office. The rules of the court prescribe how an attorney shall enter his appearance, and Morgan failed to observe these requirements. There was nothing to show that Morgan was the attorney of a party authorized to control the judgment, and Steele properly refused to issue the execution on his demand.—See *Nabors v. Nabors*, 2 Port. 162. The order given by Morgan was not entered in the order book kept according to the strict rule of Circuit Court practice.—See 11 Miss. 273 ; 28 Ala. 711 ; 6 Port. 438.

The Simeon M. Brown judgment against Kirksey, Pollard and Cleaveland had been paid. It must be borne in mind that Thompson held the Stephen C. Brown judgment only as a collateral, that he never applied it to the payment *peo tanto* of Kirksey's indebtedness to him. In this state of facts he allows Kirksey to use that judgment in payment of the judgment in favor of Simeon M. That judgment was consequently the property of Kirksey, when he used it in satisfying the Simeon M. Brown judgment, and being his property it of course satisfied that judgment, and its attempted transfer is a nullity.

W. P. WEBB, and ENOCH MORGAN, *contra.* —The transaction between appellee, the two Browns and Kirksey, was simply a transfer of securities. The parties did not intend that it should operate as payment, and to hold, on technical ground, that there was a payment of it, would work rank injustice to Thompson. The assignment carried with it the right to control the execution independent of plaintiff.—See 2 Brick. Dig. 153, § 312, and cases cited. The attorney of the assignee was an officer of court, and the clerk was bound to obey his orders. If the clerk doubted the authority of the attorney, he could have demanded it, and if not produced or proved, he might then refuse to issue the execution at his peril.—Code, § 671. There is no rule of law requiring the transfer to be entered of record, and there is also no rule which requires a request to the clerk to be in writing. It is sufficient to sustain this action that there was a request to

[Steele et als. v. Thompson, Adm'r.]

issue by a person authorized to make it, and a refusal to issue without just excuse.

BRICKELL, C. J.—The errors assigned are numerous, but we do not feel bound to express an opinion in reference to any other than such as are insisted upon in the argument of counsel.—*Weathers v. Spears*, 32 Ala. 584; *Cunningham v. Carpenter*, 10 Ala. 109.

The first question is, whether it is the duty of the clerk of a court in which a judgment has been rendered to issue execution thereon, at the verbal request of an attorney of the assignee of the judgment, the assignment not appearing of record in the court, and no written evidence of it being shown him, nor the attorney having entered himself of record, as an attorney for the plaintiff in the judgment. Judgments, as well as choses in action, are assignable. The assignment may not clothe the assignee with the legal title, but if it is unqualified, it passes the entire equitable interest, and is an irrevocable authority to employ the name of the assignor in enforcing it, and collecting and receiving the money due thereon. The court in which the judgment was rendered will protect the rights of the assignee, and will prevent the assignor from interfering with his contract over it. No payment made to the assignor after notice of the assignment is valid, and by no release or admission can he impair the equity of the assignee.—*Holland v. Dale*, Minor, 265; *Gayle v. Benson*, 3 Ala. 234; 2 Brick. Dig. 153, § 312; Freeman on Executions, § 21. The assignment may be by writing, or by parol, and either, when founded on a sufficient consideration, passes the same rights, and confers the same authority. No entry of it on the records of the court is essential to its validity and operation, nor is there any statute, or rule of the common law, requiring that such entry shall be made.

An execution in civil actions, is the process by which the debt, or damages, or other thing recorded, and the costs adjudged, is obtained. The clerk of the court is charged with the duty of issuing the original, within a certain number of days after the adjournment of the court. If satisfaction is not obtained by the orginal, the party interested has the right to an *alias*, and a *pluries*, until satisfaction is obtained. These writs it is the duty of the clerk to issue on application; and his failure is a breach of his official bond, which binds him to the performance of all the duties required of him by law. The application may be oral or written. If the clerk deems it necessary for his protection, he may require that it be reduced to writing. But if it is oral, and

[Steele et als. v. Thompson, Adm'r.]

he makes no objection on that ground when it is made, he cannot subsequently excuse his failure to comply with it, on the ground that it was not in writing. If he had objected, the cause of objection would have been easily removed; but not then objecting, and tacitly accepting the application as sufficient, it would be gross injustice to suffer him to excuse his failure from which injury has resulted, because of the manner of the application. So, if the application is made by a party having the real interest in the judgment, entitled to control it, though his interest and authority may not appear of record, he may demand some evidence of the interest or authority, if he doubts it. But if he makes no such demand—if by his silence he recognizes the interest and authority, it would approach a fraud, if he was heard subsequently to say in excuse for his failure to issue the writ, when injury had resulted, that no evidence of the interest or authority was shown him. As assignee of the judgment against Kirksey, the appellee had full authority over it. It was his right to demand execution thereon in the name of the plaintiff, and it was the duty of the clerk to comply with the demand when it was made. There is no particular form required, in which the demand should be communicated to the clerk, and if there had been, the form could have been waived by the clerk, and it was waived when he did not object to the form in which it was made. The assignee may control the judgment through an attorney, or an agent, and the demand or instructions of the attorney or agent, are of the same force as if they had proceeded from him personally.

It is enough to say in reference to the remaining question, there was no evidence the judgment was satisfied before the demand of the issue of execution. On the contrary, the evidence seems to us, undisputable, that it was unpaid, and the just inference is, the clerk knew the fact.

Let the judgment be affirmed.