# Blackman *v.* Joiner, Admr'x.

### *Action by Surety on Judgment Assigned.*

1. *Assignment of judgment to surety, and action thereon —*When a judgment against principal and surety is paid by the latter, he can not maintain an action on it against the principal, in the name of the plaintiff, for his use (Code, § 3148), unless it has been assigned to him in writing.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The facts are stated in the opinion. The court, on request in writing, gave the general charge in favor of appellee, and appellant excepted.

W. D. ROBERTS, for appellant.

PARKS & SON, *contra.*

STONE, C. J.—In April, 1867, James Bell recovered a judgment against Kenneth McCaskill, principal in the debt, and against Zachariah Blackman and others, who were the sureties of McCaskill. McCaskill, the principal, died before this suit was brought, and Jenneth A. Joiner is sued as his administratrix. The suit was at one time in the name of James Bell, suing for the use of Blackman, and the complaint is special, claiming a right of recovery on the judgment itself. Bell died pending this suit, his death was suggested, and the suit continued in the name of Blackman, the *cestui que use.*—Code of 1876, § 2909. The complaint "avers that he [plaintiff] is one of the sureties on the note which is the foundation of said judgment—has paid the same to the creditor named in the said judgment in money, the full amount of said judgment; and plaintiff further avers that said judgment has been transferred to the plain-

tiff by the plaintiff in said judgment, and that said jugdment is in full force and effect against defendant's intestate, and is unpaid." The present suit was brought in 1883, more than sixteen years after the original judgment was rendered.

The proof showed that after said original judgment was rendered in 1867, Bell "sold and transferred it to Holt by oral contract, without any writing; and that in the fall of the year 1878, Blackman having paid Holt the amount of said judgment in property, . . the said Holt assigned said judgment to plaintiff; said assignment was by parol, not in writing, and that said Holt was the owner of said judgment at the time he made said assignment."

We need not inquire how this case would stand, if it were a suit by Blackman, claiming that he, as surety, had paid the debt for McCaskill, his principal. — *Stallworth v. Preslar*, 34 Ala. 505, and authorities cited. That is not this case.

The present suit, brought as it is, must stand or fall on the terms of section 3418 of the Code of 1876. That section gives a new and statutory remedy, and to avail himself of it, the party suing must bring himself within its terms. The assignment which that statute requires "the plaintiff in the judgment, his agent, or attorney of record" to make, to confer the statutory right, must be in writing.—*Giddens v. Williamson*, 65 Ala. 439 ; *Masterson v. Gibson*, 56 Ala. 56 ; *Winslow v. Bracken*, 57 Ala. 368 ; *Vanderveer v. Ware*, 65 Ala. 606 ; *Lovins v. Humphries*, 67 Ala. 437. There was no written assignment in this case.

The Circuit Court did not err in giving the general charge.

Affirmed.