# Moorer *v.* Moorer.

*Bill in Equity by Creditors, to set aside Fraudulent Conveyance.*

1. *Assignment of judgment or decree; suits by assignee.*—The statutory provisions relating to mesne or final process issued upon an assigned judgment or decree (Code, §§ 2927–28), have no application to suits on such judgment or decree, whether at law or in equity. An action at law can not be prosecuted by the assignee in his own name, but he may maintain a bill in equity in his own name.

2. *Sufficiency of consideration of deed.*—When a bill seeks to set aside a conveyance of land as fraudulent against creditors, alleging that the land was worth $1,000 or more, and the recited consideration only $30; while the conveyance itself, made an exhibit to the bill, shows that the grantor conveyed only whatever interest and title he had by reason of his survivorship of his wife, to whom the land belonged, no data being furnished from which the value of his interest can be ascertained,—the deed can not be declared fraudulent.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The record in this case does not show when the bill was filed, nor does it show the date of any of the preceedings in the cause, except that the chancellor's decree is dated January 22d, 1889. The bill was filed by Mrs. Tommie C. Moorer, the wife of W. J. Moorer, and J. A. Alston, who was the surviving husband of her deceased sister, against Nelson J. Moorer and his children; and, as originally framed, sought a discovery of assets which might be subjected to the satisfaction of complainant's decree against said Nelson J. Moorer, and also to set aside a conveyance of land to his children as fraudulent; but, by amendment, the allegations and prayer as to a discovery were stricken out, and relief was sought only against the conveyance, a copy of which

[Moorer v. Moorer.]

was made an exhibit. Mrs. T. C. Moorer, the complainant, and her deceased sister, Mrs. Alston, were the only children and heirs at law of J. C. Johnson, who died in Lowndes county, Alabama, in 1862, and on whose estate letters of administration were granted to said Nelson J. Moorer on December 23d, 1862. On final settlement of the accounts of said administrator, a decree was rendered against him by the Probate Court, in favor of John A. Tyson, as administrator *de bonis non*, for $8,901.24; but, on bill in equity to review and to correct errors in this decree, the amount was reduced to $3,677.20, by decree rendered April 9th, 1874. On this decree, the bill alleged, executions were issued, and returned "No property found;" and the decree itself was "transferred in writing" by said Tyson to the two children and heirs at law of the decedent. A demurrer was filed to the bill, assigning numerous specific grounds of demurrer; one of which was, that the bill showed no assignment of the decree which authorized the complainants to file the bill in their own names; and another, that the averments of the bill did not show that the deed was fraudulent. The chancellor overruled the demurrer, and his decree is here assigned as error,

RICHARDSON & STEINER, for appellants.

J. M. WHITEHEAD, *contra.*

STONE, C. J.—Sections 2927-8 of the Code of 1886 provide a remedy for assignees of judgments or decrees, who seek to enforce them by mesne or final process, issued upon the judgment assigned. These sections have no application to separate or independent suits, brought for the collection of debts evidenced by judgments or decrees. When the effort is made, as it generally may be, to collect by suit a debt due by judgment or decree, different rules prevail. Code, § 2170. If an action at law be resorted to, then the judgment is not such a contract for the payment of money, as that the beneficial owner can sue on it in his own name. *Smith v. Harrison*, 33 Ala. 706; *Lovins v. Humphries*, 67 Ala. 437. The rule is different in chancery. Whoever has the rightful ownership, whether legal or equitable, is the proper complainant.

We think the present bill must be held insufficient. We suppose its purpose was to uncover, and subject to the pay-

ment of N. J. Moorer's debt, certain lands, which it charges
were conveyed by the latter to his children, after incurring
the liability the bill seeks to enforce. The bill avers that
the land so conveyed was worth one thousand dollars, and
that the consideration of the conveyance was thirty dollars.
It makes the deed of conveyance a part of the bill as an ex-
hibit. The *habendum* clause of the deed is, "To have and
to hold whatever interest and title I may and do have by
reason of my survivorship of my late wife, Mrs. M. S.
Moorer, to whom said lands belonged." We have now stated
every thing the bill contains, tending in the slightest manner
to assail the *bona fides* of the transaction.

If the conveyance had been of the title in fee of a tract of
land worth a thousand dollars, on the paltry consideration of
thirty dollars, it would probably be our duty to pronounce
the consideration so grossly inadequate, as to stamp the
transaction as fraudulent. But that is not this case. Moorer
sold and conveyed only the interest and title he had, and we
have not been furnished with the data for finding them out.
The bill does not dispute the payment of the consideration,
does not allege the conveyance was voluntary, does not aver
what interest Moorer had, nor what it was worth, and gives
no predicate for ascertaining its value. It does not even
aver that the consideration was inadequate, but leaves that
to be worked out from the meagre statements set forth above.
Pleadings must be more definite than this.—*Matthews v.
Mo. Mut. Ins. Co.*, 75 Ala. 85; *Burford v. Steele*, 80 Ala.
147; *Flewellen v. Crane*, 58 Ala. 627; *Pickett v. Pipkin*,
64 Ala. 520; *Gordon v. Tweedy*, 71 Ala. 202; *Caldwell v.
King*, 76 Ala. 149.

We will not make any order of dismissal, but will leave
that for the chancellor's action, after considering a motion
for leave to amend, should it be made.

Reversed and remanded.