[No. 3624.   Decided September 4, 1901.]

MEYER LEWIS, *Appellant,* v. THIRD STREET & SUBURBAN RAILWAY COMPANY *et al., Respondents.*

JUDGMENT—ASSIGNMENT—SUBSEQUENT ACTION BY JUDGMENT CREDITOR ON APPEAL BOND.

A judgment creditor has no right of action upon an appeal bond, which had been given as collateral security for the judgment, when, without the consent of the judgment debtor, he has assigned the judgment itself to another, while reserving to himself all the rights under the appeal bond, since the assignment of the judgment carries the appeal bond as incident to it, even though the assignor and assignee may have agreed otherwise.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*Morris B. Sachs* and *Julius F. Hale,* for appellant.

*Bausman, Kelleher & Emory,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—In March, 1896, judgment was entered in the circuit court of the United States in this district in favor of plaintiff, in an action against the Western Mill Company, a corporation, and the respondent, the Third Street and Suburban Railway Company. In the action plaintiff was awarded judgment against the Western Mill Company, a corporation, and Denny, Kinnear, Lombard, Frankland, McDonald, Leary, Edwards and Oldfield, in the sum of $24,130, together with costs and attorneys' fees, and the judgment was decreed a prior lien upon certain real estate, and the buildings and improvements thereon, as against any claim of lien of the respondent railway company, which was made a defendant in said action upon an allegation in the complaint that said railway company

claimed an interest or lien upon the premises which was inferior to plaintiff's. The plaintiff's action was to foreclose a mortgage, and the judgment decreed the foreclosure and sale of the mortgaged premises and a deficiency judgment against the defendants mentioned other than the railway company. In April the defendant railway company, by writ of error, took the cause to the circuit court of .appeals for the ninth circuit, and, in consideration of said appeal executed its appeal and supersedeas bond as required in such cases, and in the sum of $2,000. In March, 1897, the cause was heard in the circuit court of appeals, and the judgment affirmed. The writ of error was thereafter prosecuted by the railway company to the supreme court of the United States, and in May, 1899, the judgment of the circuit court of appeals was confirmed in the latter tribunal. The conditions of the appeal bond were that the railway company should prosecute its appeal to effect, and answer all damages and costs. The respondent Brookes is surety upon the appeal bond. In the present action it is sought to recover the penalty named in the bond. As items of damage the complaint states that during the pendency of the appeal plaintiff incurred expenses in the preservation of the property, the subject of the mortgage foreclosure, in the payment of keeper's charges, in the sum of $343.65; that the property was not repaired and thereby depreciated in a sum exceeding $5,000; that plaintiff paid taxes accumulated against the property in the sum of $1,887.87; that the property was damaged by fire in a sum exceeding $5,000, and that the costs of the appeal were $52.50. After the affirmance of the judgment, and in April, 1897, the mortgaged property was sold under the decree for the sum of $23,000, plaintiff becoming the purchaser thereof. Plaintiff demands judgment for the sum of $2,000, the penalty named in the

appeal bond as damages and costs.  Defendants moved to
strike certain items of damages from the complaint, and
the following were stricken by order of the court, to-wit:
Charges paid by plaintiff from February to May, 1897,
for keeper, amounting to the sum of $150.30; some small
items paid by plaintiff for lumber and other materials and
repairs; and also items consisting of taxes for the year
1897, and for loss sustained by fires.  Exceptions to this
order were taken by both parties.  Defendants answered,
admitting the allegations of the complaint, except as to
the items of loss and damages, and, as affirmative defense,
alleging that plaintiff, before the commencement of the
action, assigned, transferred and sold to one Neufelder all
his right, title, and interest in the judgment in the action
in which the bond was executed for a full consideration,
and that plaintiff has no real interest in any cause of ac-
tion against defendants upon the bond.  It is also set up
that the judgment and right of action involved in this
cause, and in which the supersedeas bond in suit was
given, had been satisfied and extinguished.  Plaintiff de-
murred to the affirmative defenses, which demurrer was
overruled.  Thereupon plaintiff replied to the first affirma-
tive defense, admitting that before the commencement of
the action he assigned, sold and transferred to Neufelder
all his right, title and interest in the judgment for a con-
sideration, but alleged it was agreed and understood be-
tween plaintiff and Neufelder that plaintiff reserved any
and all rights, claim, and interest arising out of the super-
sedeas bond.  Further replying, plaintiff denied that the
judgment was fully paid and satisfied.  Defendants de-
murred to the plaintiff's reply to the first affirmative de-
fense on the ground that it did not state facts sufficient to
constitute a reply thereto.  The demurrer was sustained,
and, plaintiff electing to stand upon his pleading, judg-

ment was thereupon entered in favor of defendants, dismissing the cause.

If the order sustaining the demurrer to the reply was correct, it will be unnecessary to discuss the other exceptions. While it is true that the bond to answer for damages and costs of appeal is a contract and security for such payment, it is also incidental to the pending action. The object of the bond is the security of the plaintiff to render his judgment effective, to save him harmless by reason of the appeal. It may be said to be collateral to the judgment. The general principle seems to be that an obligation or indebtedness carries with it all securities created for its protection and enforcement. Colebrooke, Collateral Securities, §144; 2 Am. & Eng. Enc. Law (2d ed.) p. 1086. That the appeal bond is transferred to the assignee of the original judgment by force of the assignment of the judgment is certainly the general rule stated by the authorities which have been presented to us. 2 Black, Judgments, § 948; Freeman, Judgments (1st ed.) 149, note; *Ullman v. Kline,* 87 Ill. 268; *Bolen v. Crosby,* 49 N. Y. 183; *Vila v. Weston,* 33 Conn. 42; *Burt v. Lustig,* 60 N. Y. Sup. Ct. 181; affirmed 137 N. Y. 538 (33 N. E. 336), See, also, *Stanford v. Connery,* 84 Ga. 731 (11 S. E. 507); *Hewett v. Outland,* 2 Ired. Eq. 438; *Clarke v. Hogeman,* 13 W. Va. 718.

It seems to be the uniformly received doctrine that partial assignments of judgments cannot be made without the consent of the judgment debtor. We do not think the understanding between the owner and assignee of a reservation of some rights in the assignor in the incidents collateral to the judgment takes the plaintiff's assignment of his judgment out of the general rule that the assignee alone may realize on the judgment and collateral securities. For these considerations the judgment is affirmed.

ANDERS, FULLERTON, WHITE and DUNBAR, JJ., concur.