(75 South. 964)

HANBY v. CAHABA COAL CO. et al.

(6 Div. 586.)

(Supreme Court of Alabama. May 31, 1917.)

1. APPEAL AND ERROR ⊙⟶1239—BONDS—LIABILITY.

Complainant's assignor recovered judgment against defendant company, which appealed and gave supersedeas bond. The transcript of the appeal erroneously named the sureties. The judgment was affirmed as against the company and its sureties. The company became insolvent. *Held*, that complainant had a right of action on the supersedeas; complainant being an equitable assignee.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4785, 4786.]

2. APPEAL AND ERROR ⊙⟶1239—BONDS—LIABILITY.

In such case, the doctrine of merger did not preclude relief for complainant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4785, 4786.]

3. APPEAL AND ERROR ⊙⟶1241—BONDS—LIABILITY.

Where the transcript on appeal erroneously named the sureties on the supersedeas bond, although the complainant waived defects in the transcript, and although she might have had it corrected, the duty was equally upon the defendants to see that it was correct, and therefore the error was no bar to her action on the supersedeas.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4792–4794.]

Appeal from Circuit Court, Jefferson County; E. C. Crow, Judge.

Action by Emma J. Hanby against the Ca-

haba Coal Company and others. Decree dismissing the bill, and complainant appeals. Reversed and remanded.

R. L. Lange and Allen, Fisk & Townsend, all of Birmingham, for appellant. R. G. Slocumb, of Birmingham, for appellees.

SAYRE, J. In March, 1912, J. D. Hanby, complainant's assignor, recovered judgment in the city court of Birmingham against the Cahaba Coal Company, a corporation. The defendant there took an appeal, superseding the judgment by a bond on which J. W. Miller, R. C. Middleton, and G. M. Bowers were sureties. Through error the sureties on this bond were certified in the transcript on appeal as J. W. Miller, B. G. Middleton, and G. M. Brown. In the Court of Appeals a judgment of affirmance, with costs and damages, was rendered against the appellant there and its sureties on appeal as nominated in the transcript of appeal. In the meantime the plaintiff in that cause had executed an instrument in writing, transferring and assigning his judgment to the complainant in this cause, and thereafter died. Complainant filed this bill, alleging the insolvency of the Cahaba Coal Company, that the judgment against the sureties was void as to all of them by reason of the error noted above, and praying that a judgment be rendered in her favor against the Cahaba Coal Company and the sureties named in the supersedeas bond. A demurrer taking the ground that there was no equity in the bill was sustained, and complainant's bill dismissed, after which this appeal.

[1] We have not been enabled to see any sufficient reason why complainant has not a right of action on the supersedeas. The supersedeas stood merely as a collateral assurance that the judgment would be paid, if affirmed, and, as an incident to the judgment, or the debt evidenced by it, all beneficial interest in the bond, all rights and remedies for its collection, passed by the assignment. Burt v. Lustig, 17 N. Y. Supp. 362, affirmed on appeal, 137 N. Y. 538, 33 N. E. 336; Bolen v. Crosby, 49 N. Y. 183; Ullmann v. Kline, 87 Ill. 268; Lewis v. Third Street Ry. Co., 26 Wash. 28, 66 Pac. 150; 2 Black, Judg. (2d Ed.) § 948; 2 Freeman, Judg. (4th Ed.) 431.

The judgment was not assigned on the execution docket, nor upon the margin of the record (Code, § 4152), so that complainant became only an equitable assignee (Gardner v. M. & N. R. R. Co., 102 Ala. 635, 15 South. 271, 48 Am. St. Rep. 84; 2 Black Judg., § 947), and, according to the decision in Moorer v. Moorer, 87 Ala. 545, 6 South. 289, any action on the judgment could be maintained in equity only. But this is not an action on the judgment. It is an action on the supersedeas bond. There has been no effort to as-

sign the bond. Complainant is entitled to maintain an action on the bond for the reason only that the assurance of the bond has passed to her as an equitable incident of the judgment. This then is a case of the purely equitable assignment of a legal demand, and equity continues to have jurisdiction over the assignee's suit on the thing in action so assigned. 3 Pom. Eq. Jur. § 1278; 5 Pom. Eq. Jur. § 11.

[2] The doctrine of merger does not stand in the way of complainant's relief. That is an equitable doctrine, and is wholly inapplicable to this case. The supersedeas bond was separate and distinct from the judgment it secured; equity requires that it should be kept alive in the circumstances of this case; and it remains a valid and subsisting obligation until the purpose for which it was executed shall have been accomplished. 23 Cyc. 1193; Steele v. Lord, 28 Hun (N. Y.) 27; Fisher v. Fisher, 98 Mass. 303; White v. Smith, 33 Pa. 186; s. c., 75 Am. Dec. 589. Another reason, amply sufficient, why there has been no merger of the real supersedeas bond in this case is that there has been no judgment upon it.

Suits on supersedeas bonds of this character are rarely necessary; but that such suit may be maintained in a case in which the judgment of affirmance on appeal does not give the relief promised by the bond is demonstrated in Steele v. Tutwiler, 63 Ala. 368. Such, in our judgment, is this case.

[3] It is true of course that for the purposes of the appeal in the former suit the appellee there, under whom the appellant here claims, waived defects in the transcript, It is true also that appellee in that cause might have had a correct copy of the supersedeas bond incorporated in the transcript by asking for a writ of certiorari, and thus might have avoided the necessity for the present suit. But in none of this do we find any sufficient reason why complainant should be denied the right claimed in her bill. It was the duty of the appellant in the former appeal, no less than that of the appellee, to see that the cause was submitted to the Court of Appeals on a correct transcript of the record and proceedings in the court below, and we do not see that complainant here should be prejudiced by reason of the fact that the appellant there, with whom these other defendants bound themselves as sureties, had all the benefits of an appeal, and a supersedeas ad interim, on a transcript that failed to set forth the bond.

For these reasons, we think the court below erred in sustaining the demurrer to complainant's bill.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.