22 So.2d 903

### GAMBILL et al. v. GREENWOOD et al.

#### 6 Div. 194.

Supreme Court of Alabama.

July 26, 1945.

Barber & Barber, of Birmingham, for appellants.

150

Horace C. Wilkinson and Joe G. Burnett, both of Birmingham, for appellees.

FOSTER, Justice.

Appellants' testator is the complainant in a suit in equity, and bases her standing in equity upon the declaratory judgments statutes of Alabama. Sections 156 et seq., Title 7, Code. She claims to be the assignee of a judgment rendered on August 7, 1931, in favor of A. A. Gambill and Company, then a body corporate, against Angel Cassimus, Arthur Greenwood and W. F. Potts, and that the assignment was by a deed executed by the corporation of all its assets to complainant dated September 4, 1934, but was not assigned as provided in section 579, Title 7, Code; that only one execution was issued on it and that was dated July 6, 1931, and returned no property found. The bill then alleges that there is doubt about the constitutionality of sec-

tion 7868, Code of 1923, which is section 579, supra, as hinted in the cases of Second National Bank of Cincinnati v. Allgood, 234 Ala. 654, 176 So. 363.

Appellant then alleges in her bill that a justiciable controversy exists with reference to the effect of said transfer to her, not being in accordance with section 579, supra, and desires to obtain a declaration of her rights and status arising from it, and as to how her rights and status are affected by said statute, and particularly as to whether it prevents her from prosecuting her suit upon the debt of said judgment in a court of law; also whether that statute is effective and constitutional.

The prayer is for a declaratory judgment as indicated above, and having assumed jurisdiction to make such declaration, the court will go further and render a personal decree against defendants for the amount of said judgment which was assigned to her, and for general relief. Section 163, Title 7, Code.

█ There are several reasons why a declaratory judgment is not available to appellant as prayed for. Among them may be mentioned the fact that it seeks especially to have declared whether section 579, supra, is constitutional and effective on account of the doubt cast on it by our decision cited above, and it affirmatively shows that she has no present interest in that question since the bill alleges that her assignment was not made in the manner there provided. And being a new and statutory remedy the party who would make it available must bring himself within its terms. Blackman v. Joiner, 81 Ala. 344, 1 So. 851.

█ We cannot agree with appellant that there is any question as to the validity of section 579, Title 7, Code of 1940, on account of the opinion in the case of Second National Bank v. Allgood, supra. As we understand it, the reference in that case was directed to the doubtful effect of section 7873 of the Code of 1923, not to section 7868 (now section 579, supra). But if it could be understood as casting doubt upon section 7868, supra, that doubt was removed by leaving out of the Code of 1940 section 7873, and readopting 7868 by bringing it forward: for any such doubt could only have been due to the presence of section 7873, supra.

█ But that appellant has no standing for a declaratory judgment to the extent

indicated is based on a much more fundamental ground. Such statute does not include the request of a complainant to declare her remedy although that may be in doubt and uncertainty and controverted. Complainant must determine by legal advice and not by a declaratory judgment whether she may proceed under section 579, supra, or sue on the judgment at law in the name of the plaintiff for her use (see Moorer v. Moorer, 87 Ala. 545, 6 So. 289; Gardner v. Mobile & N. W. R. Co., 102 Ala. 635, 642, 15 So. 271, 48 Am.St.Rep. 84; Burns v. George, 154 Ala. 626, 45 So. 421; Steele v. Thompson, 62 Ala. 323); for it is not the province of a declaratory judgment to advise parties as to their proper remedy (Bagwell v. Woodward Iron Co., 236 Ala. 668, 184 So. 692; Bates v. Baumhauer, 239 Ala. 255, 194 So. 520), even though the remedy is alleged to be doubtful because of uncertainty as to the effect or validity of a statute or contract.

█ The statute providing for declaratory judgments has application only to substantive controversies which are justiciable and wherein an adequate remedy does not otherwise exist. Klein v. Jefferson County, 239 Ala. 460, 195 So. 593; Berman v. Wreck-A-Pair Building Co., 236 Ala. 301, 182 So. 54; 2 Ala.Dig., Actions ◎6, Pocket Part. It will not advise her as to the effect of her deed as an assignment until there arises an actual controversy with someone as to the substantial benefits there conferred, and there is no other adequate remedy to determine that controversy.

This principle, it will be noted, includes the idea that the remedy is not available if another exists which affords adequate relief. The bill shows no reason why appellant cannot sue at law upon the judgment regardless of the nature of her assignment, by using the name of the judgment plaintiff for her use. But the court will not under the statute so construe her contract as to advise her what remedy she has, and then proceed to decree her the benefits to which she is entitled.

█ The question also arises as to whether complainant has a right to come into equity regardless of the declaratory judgment statutes. The assignment of the judgment not being in such form as to justify a suit in the name of the assignee under section 579, supra, and not being a contract for the payment of money under section 126, Title 7, she cannot sue on it at

law in her own name. Moorer v. Moorer, supra; Masterson v. Gibson, 56 Ala. 56; Smith v. Harrison, 33 Ala. 706. · She may sue in the name of the judgment plaintiff for her use, and if plaintiff is dead the name of his personal representative may be used. Masterson v. Gibson, supra; 5 Corpus Juris 985, § 182, 6 C.J.S., Assignments, § 124. No reason is here shown why she cannot use the name of the corporate plaintiff for her benefit. But it is said that although the assignment was not such as to pass the legal title in the judgment to the assignee, it passes an equitable right (Hanby v. Cahaba Coal Co., 200 Ala. 206, 75 So. 964; Moorer v. Moorer, 87 Ala. 545, 6 So. 289; Gardner v. Mobile & N. W. R. Co., 102 Ala. 635, 15 So. 271, 48 Am. St. Rep. 84; 2 Black on Judgments, sections 947, 948), and, therefore, she may proceed in equity and have a personal judgment there rendered in her own name.

There is authority to support that contention, but it is said to represent the minority view. 5 Corpus Juris 997, § 203. It is there also said: "The better rule, however, is that if the assignee of a chose in action is unable to assert in a court of law the legal right of the assignor, which is equitably vested in him, he may invoke the jurisdiction of a court of equity, and there enforce his equitable right because of his inability to enforce such right at law, or he may pursue such remedies in a court of equity as the facts may warrant, under the ordinary heads of equity jurisdiction; but that, when the equitable title is not involved in the litigation, and the remedy is sought merely for the purpose of enforcing the legal right of the assignor, there is no ground .for an appeal to equity, because there is an adequate remedy at law. From this it follows, as a general rule, that unless special circumstances render it necessary for the assignee to go into a court of equity to prevent a failure of justice, or the assignor prevents the bringing of an action at law, the mere fact that the assignee's interest is equitable, and that the action at law must be brought in the name of the assignor, will not justify a resort to a court of equity." Hayward v. Andrews, 106 U.S. 672, 1 S.Ct. 544, 27 L.Ed. 271; New York Guaranty Co. v. Memphis Water Works, 107 U.S. 205, 2 S.Ct. 279, 27 L.Ed. 484; 6 Corpus Juris Secundum, Assignments, § 125, pages 1179, 1180. Our cases support that theory. McGehee v. Dougherty, 10 Ala. 863; Paulding v. Lee, 20 Ala. 753, 760.

We have no case in Alabama which holds that such a status confers a right to equitable relief when there is no other equitable right sought to be enforced. Our rule is ordinarily to deny equitable relief when an adequate remedy at law exists, unless that remedy is the result of a statute which affords a cumulative remedy.

There are several questions argued in brief which also challenge appellant's bill on the demurrer, but they do not seem to need a discussion in view of the result which we have reached.

The demurrer to the bill was sustained without error.

Affirmed.

GARDNER, C. J., and THOMAS, STAKELY, and SIMPSON, JJ., concur.